EARL FARLEY, *et al.,*

*v.*

AMERICAN AUTOMOBILE INSURANCE CO.

(CC 793)

Submitted September 16, 1952. Decided October 7, 1952.

456

*Scherer, Bowers & File, W. H. File, Jr., Douglas Bowers,* for plaintiffs.

*Fletcher W. Mann,* for defendants.

LOVINS, JUDGE:

This is an action in assumpsit instituted in the Circuit Court of Raleigh County by Earl Farley and Harry Wallace, plaintiffs, against the American Automobile Insurance Company, a corporation, defendant, to recover the sum of $1500.00, upon an automobile liability insurance policy. A demurrer to the declaration was overruled and the trial court of its own motion certified its ruling to this court.

The policy above mentioned was issued on December 5, 1950, in the names of "Earl Farley and Harry Wallace", to cover specifically a vehicle described as a 1950 model, 1½ ton Ford truck, motor number F-698, M-103 441.

Paragraph IV (3), provided for coverage of a vehicle temporarily substituted for the described vehicle in the following words: "An automobile, not owned by the named Insured, while temporarily used as a substitute for the described automobile while withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction".

On February 1, 1951, Earl Farley had an accident while driving a 1948 Ford truck, owned by Harry Wallace, one of the insured, while the described vehicle was being repaired.

An action for damages was brought against the plaintiffs in the instant action, and the insurance company was requested to defend that action under the terms of the above mentioned insurance policy, coverage being claimed under the provision relative to the use of a substituted vehicle.

Plaintiffs alleged that they have expended $1053.10 in court costs and attorneys' fees in defense of the action for damages, and that they have employed attorneys to institute the present action, paying an additional sum of $400.00.

Defendants demurred to the declaration, on the grounds (a) that the plaintiffs had not stated a cause of action; (b) and that the substituted vehicle which Earl Farley was using at the time of the accident was owned by Harry Wallace; and therefore such vehicle was not covered by the insurance policy.

The trial court overruled the demurrer, and on its own motion certified its ruling to this court.

The sole and controlling question presented on this certification is: Was the 1948 model Ford truck, which was being operated when the accident occurred, owned by the named insured? If such motor vehicle was so owned, defendant is not liable. If it was not owned by the insured, liability is alleged in the declaration and the same is good on demurrer.

The provision of the insurance policy here considered is for the insured's benefit. Such provision, together with all of the other provisions of the policy, are to be construed liberally in favor of the insured, if any construction is necessary. *Thompson* v. *Insurance Company*, 122 W. Va. 551, 11 S. E. 2d 849. See *Employers Mutual Liability Insurance Company* v. *Tollefsen et al.* (Wis.), 263 N. W. 376; 5 Am. Jur., Automobiles, §507.

Though we advert to the rule relative to the construction of the provisions of insurance policies, the language of the provision here considered is clear in its meaning, requires no construction, and it only remains to be applied to the facts disclosed by this record. In the case of *Adkins* v. *Insurance Company,* 124 W. Va. 388, 20 S. E. 2d 471, this court held that the phrase "named insured" in the absence of any qualification thereof, applies only to the person named as the insured. See *Madison* v. *Steller* (Wis.), 275 N. W. 703; 7 Appleman, Insurance Law and Practice, §4354.

It is thus seen that the unqualified phrase "named insured" has a restricted meaning and does not apply to any persons other than those named in the policy.

Stating the requirements of the provision relative to the substitute vehicle conversly: if the vehicle substituted for the one being repaired is owned by the named insured, in that event it is not covered by the policy. Bearing in mind the restrictive meaning of the phrase "named insured", we think it would be illogical and untrue to say that Wallace and Farley, being the named insured, owned the substituted vehicle when it is admitted that Wallace was the sole owner thereof. We think that the substituted vehicle, in view of the foregoing, was not owned by the "named insured" and therefore, according to the plain terms of the policy provisions permitting such substitution, the declaration states a cause of action and is good on demurrer.

Of course, we do not mean to treat a partnership as an entity. We are of the opinion, however, that if the allegations of the declaration are established by sufficient proof, the defendant is liable on its policy of insurance.

Therefore, the ruling of the trial court is affirmed.

*Ruling affirmed.*