**AMERICAN INDEMNITY COMPANY,**
Plaintiff,

v.

**C. E. DAVIS, Jackie Clyde Davis, Marion E. Herndon, Mary George Bond, and Estella Phinizy, Defendants.**

**Civ. A. No. 348.**

United States District Court
M. D. Georgia,
Athens Division.

Sept. 4, 1957.

Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., Travers Hill, Atlanta, Ga., of counsel, for plaintiff.

C. Winfred Smith, Gainesville, Ga., for defendants Davis.

Carey Skelton, Jos. S. Skelton, Hartwell, Ga., Erwin, Nix, Birchmore & Epting, Athens, Ga., Eugene A. Epting, Athens, Ga., of counsel, for defendant Herndon.

Payne & Heard, Elberton, Ga., Howard B. Payne, Elberton, Ga., of counsel, for defendant Bond.

Mixon & Chambers, Augusta, Ga., William O. Carter, Hartwell, Ga., R. Lee Chambers, Augusta, Ga., of counsel, for defendant Phinizy.

DAVIS, Chief Judge.

This is a declaratory judgment action brought by the plaintiff Insurance Company for a declaration of "the status, duties and liabilities of the complainant" to the defendants, in connection with a policy of insurance issued by plaintiff Company to defendant, C. E. Davis and certain suits filed against said Davis and his son, Jackie Clyde Davis. In effect, the plaintiff here seeks a declaration of "no coverage", so as to be relieved from the defense of (as well as possible ultimate liability) certain damage suits now pending. The damage suits were filed by three of the defendants against two of their co-defendants in this action.

All of the damage suits arose out of an accident involving a 1956 Mercury automobile owned by defendant, C. E. Davis, or by C. E. Davis and his son, defendant Jackie Clyde Davis, jointly. The other defendants in this case have filed damage suits against C. E. and Jackie Clyde Davis. Two of these are now pending in this Court and one is pending in the State Court. The defendants in the damage suits have called on the plaintiff here, The American Indemnity Company, to defend those actions in accordance with the policy of insurance issued by plaintiff Company to C. E. Davis.

The defendants Davis, as well as the other defendants, contend that this policy affords coverage while the plaintiff Company seeks a declaration of no coverage.

Only one provision of the policy is here in dispute. It is undisputed that the automobile covered by the policy, when issued to C. E. Davis on June 5, 1956, was a 1952 Chevrolet. The car involved in the accident on July 22, 1956, was a 1956 Mercury, purchased on July 7, 1956. The only provision of the policy which could be construed to extend coverage to the Mercury is Section IV(a) (4), generally referred to as the "newly acquired automobile" provision. That provision provides that the term automobile includes

"Newly Acquired Automobile—an automobile, ownership of which is acquired by the named insured, who is the owner of the described automobile, if the named insured notifies the company within thirty days following the date of its delivery to him, and if either it replaces an automobile, described in this policy or the company insures all automobiles owned by the named insured at such delivery date * * *."

It is admitted that the Company did not insure all cars owned by the named insured, and it can qualify under this provision only if it was a replacement car. It is also admitted that the named insured gave the required notice mentioned in the provision.

In its suit, plaintiff contends that the 1956 Mercury was not a replacement car, that it was not acquired by the named insured and, in the alternative, that defendant, Jackie Clyde Davis, has breached the cooperation clause contained in Section 16 of the policy by making certain contradictory statements as to who was driving the Mercury at the time of the collision.

This case was tried before a jury and the following questions were submitted to the jury:

"One—Was the 1956 Mercury automobile which was involved in the collision the joint property of Jackie Clyde Davis and C. E. Davis?"

The jury failed to agree upon an answer to this question.

"Two—Was the 1956 Mercury automobile which was involved in the collision solely the property of C. E. Davis?"

The jury failed to agree upon an answer to this question.

"Three—Was the 1956 Mercury automobile which was involved in the collision solely the property of Jackie Clyde Davis?"

The jury answered "No".

"Four—Was the 1956 Mercury automobile which was involved in the accident used by C. E. Davis in the same manner and for the same purposes as the 1952 Chevrolet had been used?"

The jury answered "Yes".

"Five—Has Jackie Clyde Davis, since the collision, made statements that he was driving the 1956 Mercury when the collision occurred?"

The jury answered "Yes".

"Six—If your answer to Number 5 is 'Yes', was such statement made in bad faith and for the purpose of prejudicing the rights of the insurance company, and did it prejudice the insurance company?"

The jury answered "No".

When informed that the jury could agree upon answers to only four of the questions, counsel for all parties stipulated that the verdict should be received and that, if the Court could dispose of the case on the basis of that verdict, all parties would be bound by the answers given by the jury; but that, if the case could not be disposed of on the basis of those answers, a mistrial should be declared and all issues re-submitted.

The defendants, by motion, are now contending that judgment can be rendered in their favor on the basis of the answers agreed upon by the jury. This the plaintiff strongly contests.

Here, it might be well to restate the plaintiff's original contentions: 1. The 1956 Mercury was not a replacement for the 1952 Chevrolet. 2. The 1956 Mercury was not acquired by the named insured. 3. The defendant, Jackie Clyde Davis, has breached the cooperation clause of the policy, so as to release the plaintiff from liability on the policy.

For reasons which will be detailed, the Court concludes that the verdict of the jury disposes of contentions (1) and (3), leaving for consideration only the second contention.

■ The jury found that the Mercury was used by C. E. Davis in the same manner and for the same purposes as the 1952 Chevrolet. This question was drafted by counsel for the plaintiff, and its affirmative answer establishes as a fact that the Mercury was a replacement for the Chevrolet. There is no dispute on this point now, though it was strenuously contested during the trial. The plaintiff does not deny that the verdict of the jury disposes of this contention.

■■ As to contention (3), the jury did determine that Jackie Clyde Davis had previously stated that he was driving the Mercury at the time of the accident, which statement clearly contradicts his testimony during the trial. They also determined, however, that this contradictory statement was not made in bad faith for the purpose of prejudicing the Insurance Company, and it did not prejudice the company. This finding was demanded by the evidence, since the plaintiff had the burden of proof and there was no evidence which would justify even an implication of bad faith. According to the plaintiff's own evidence the statement was made on a stretcher in the hospital, immediately after the accident, and while Jackie Clyde was being treated for injuries sustained. There is no evidence that the statement has been repeated or adhered to by him. On the contrary, the evidence indicates that the statement was only made once. The Court concludes that this would not be sufficient to support a finding of non-cooperation.

■■ The failure to cooperate must be of a material and substantial nature.

While the statement here complained of was clearly material, it would not constitute substantial non-cooperation. General Accident Fire & Life Assurance Corp. v. Rinnert, 5 Cir., 170 F.2d 440. The Court concludes as a matter of law that under these circumstances a statement made on one occasion and not repeated or adhered to would not constitute substantial non-cooperation. The jury finding on this point clearly constitutes a finding in favor of the defendant.

Now, we come to the heart of the case. The plaintiff contends that the Mercury was bought and owned by C. E. Davis and his son, Jackie Clyde Davis, and that, therefore, it was not a car "acquired by the named insured". The jury failed in its efforts to determine whether the car was bought and owned by C. E. Davis individually or by him and his son, Jackie Clyde, jointly.

Since the essence of defendants' contentions here is that such questions were immaterial, we must assume for the purpose of this decision that those questions were answered adversely to the defendants. If those questions are material, the case must be re-submitted in its entirety. It should be remembered that the jury did determine that the car was not solely owned by Jackie Clyde Davis. Therefore, C. E. Davis did acquire at least some interest in the 1956 Mercury. Thus, the question is resolved to this: "Assuming that the 1956 Mercury was the property of C. E. Davis and Jackie Clyde Davis jointly, would it be a car, ownership of which was acquired by the named insured?" The plaintiff contends that it would not. The defendants contend that it would. There is a dearth of authority on the point.

The plaintiff bases its contentions on cases defining "named insured". These cases involve other policy provisions, such as use of the insured car by another person with the permission of the named insured. Some of the cases involved the "temporary substitute automobile" provision, which extends coverage to a temporary substitute car used while the described car is being repaired, etc., provided the substitute car is not owned by the named insured. Trinity Universal Ins. Co. v. Woody, D.C.N.J., 47 F.Supp. 327; Farley v. American Automobile Ins. Co., 137 W.Va. 455, 72 S.E.2d 520, 34 A.L.R.2d 933; St. Paul-Mercury Indemnity Co. v. Heflin, D.C.W.D.Ark., 137 F.Supp. 520; Holthe v. Iskowitz, 31 Wash. 533, 197 P.2d 999, 1005; Adkins v. Inland Mut. Ins. Co., 124 W.Va. 388, 20 S.E.2d 471, 663. One of these cases, St. Paul-Mercury Indemnity Company v. Heflin, supra, determined that a car owned by a partnership composed of the named insured and another was not a car owned by the named insured. That case was clearly decided on the basis of Arkansas partnership law. The court in that case pointed out that the right of the named insured to use the car was limited to partnership purposes except with the consent of his partner.

The Court accepts and agrees with the definition of "named insured" urged by the plaintiff and set forth in the cases cited above. The named insured was C. E. Davis and he alone. Jackie Clyde Davis, his minor son and member of his household, was an insured under the terms of the policy but not the "named insured".

That, however, is not the real question. The question which must be determined is what is meant by the term "ownership acquired by the named insured". Does it mean full and complete ownership only, or does it extend also to the acquisition of an interest less than complete sole ownership? If there is any ambiguity in this provision, under the Georgia law applicable to contract construction, it must be liberally construed in favor of the insured. Great Eastern Casualty Co. v. Blackwelder, 21 Ga.App. 586, 94 S.E. 843; Eminent Household of Columbian Woodmen v. Vance, 53 Ga. App. 237, 185 S.E. 391. It should also be noted that the provisions here being construed relate to liability coverage, which should be more liberally construed than provisions relating to collision coverage. The general public has an interest in liability coverage and their protection

should not be defeated by narrow construction of ambiguous provisions.

 A provision is ambiguous when it is reasonably susceptible of two meanings. Would the average reasonable man believe that he was covered if he and his minor' son purchased a car under circumstances such as those in this case? The Court believes that he would. The intention of the parties to the contract is a controlling factor when that intention can be established. There is in this case no evidence of the intention of the parties at the time of contracting. The Court, however, does not feel that the parties intended that joint purchase of a replacement car by a father and his minor son should void a provision of the policy, even under circumstances where it would not serve to increase the liability of the company in any respect.

██ There is no Georgia decision on this point but the Georgia courts are most liberal in construing policies in favor of the insured. This is particularly true where long printed forms embodying many confusing conditions are prepared by the insurance companies.

The Court does not mean to indicate that it would extend this provision so as to furnish coverage to any jointly acquired car. It must be a replacement car and, if it were acquired jointly with one not a member of his house, it would probably be used in a different manner than a car solely owned by him, and would not qualify as a replacement car. Here the joint owner was a minor son, a member of his household who was covered under the terms of the original policy. The liability of the plaintiff Company has not been increased. The plaintiff is liable for the acts of Jackie Clyde Davis only so far as it would have been had C. E. Davis alone bought the car.

██ The named insured did acquire an undivided interest in the 1956 Mercury under any view of the case. The Court concludes that this brings it within the phrase "ownership of which was acquired by the named insured", and concludes that there is coverage.

The relief sought by the plaintiff is denied.

Let counsel for the defendants present a judgment in accordance with the foregoing.