[Civ. No. 29074.   Second Dist., Div. Two.   Jan. 25, 1966.]

LILLIAN WEATHERFORD, Individually and as Executrix, etc., Plaintiff and Appellant, v. NORTHWESTERN MUTUAL INSURANCE COMPANY, Defendant and Respondent.

· Murchison, Cumming, Baker & Velpmen, John Baker and Henry F. Walker for Plaintiff and Appellant.

John W. Moran for Defendant and Respondent.

FOX, J.*—This is an action for declaratory relief under a policy of public liability insurance. Plaintiff sues individually and as executrix of her deceased husband's estate.

The agreed facts are as follows:

Bert Smith Van Lines, Inc., a corporation, hereafter referred to as the Van Co., was the owner of a certain 1962 Chevrolet 2-ton truck. William E. Weatherford and Lillian Weatherford were husband and wife, and were officers of said corporation.

On April 2, 1962, respondent company issued its policy of public liability insurance on said Chevrolet truck, insuring as named insureds the Van Co. and William and Lillian Weatherford. The effective date of this policy was May 1 1962. It ran for a period of one year and provided uninsured motorists coverage.

By written request dated April 27, 1962, signed by Mr. Weatherford, one of the named insureds, Northwestern was authorized to ". . . delete uninsured motorists coverage from my above policy." This letter was entirely typewritten except for the two signatures, "Wm. E. Weatherford" and "Lillian Weatherford", and both of these signatures were in the handwriting of Mr. Weatherford. Mrs. Weatherford did not authorize her husband or anyone else to sign her name to that letter. In fact she did not have any knowledge of this letter until after Mr. Weatherford's death. Following the two handwritten signatures by Mr. Weatherford, there is

---

*Retired Presiding Justice of the District Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

stamped "Bert Smith Van Lines" but there is no signature affixed for or on behalf of the latter.

Mr. Weatherford delivered the letter to the agent of the insurance company, and as a consequence thereof, that portion of the premium charged for uninsured motorists coverage was deducted from the premium for said policy, and by written indorsement, signed by an authorized agent of the insurance company, the uninsured motorists coverage was deleted from the policy.

On December 13, 1962, while operating the Van Co.'s Chevrolet truck in a careful and prudent manner and as a proximate result of the negligence of an uninsured motorist, Mr. Weatherford was killed.

Findings of fact and conclusions of law were waived.

The court held that the written agreement between Mr. Weatherford and the insurance company effectively deleted from the policy the uninsured motorists coverage. Judgment was therefore rendered for defendant. Plaintiff has appealed.

We have concluded that under the facts of this case and the language of the applicable statute we must affirm the judgment.

Section 11580.2, as amended in 1961, of the California Insurance Code, provided, in pertinent part:

"(a) . . . The insurer and *any named insured* may by agreement in writing delete the provision covering damage caused by an uninsured motor vehicle. Such deletion by *any named insured* shall be binding *upon every insured* to whom such policy or endorsement provisions apply. . . .

"(b) . . . the term 'named insured' means only the individual or organization named in the declarations of the policy . . . ; *the term 'Insured'* means the *named insured and* the spouse of the named insured . . . and any other person while in or upon . . . an insured motor vehicle. . . ." (Italics added.)

In resolving the issue here presented the trial judge, in a brief memorandum decision, stated:

"The statute in question [as quoted above] is unambiguous and makes the agreement to delete by one 'named insured' binding upon all 'insureds' which includes all 'named insureds.' The word 'any' as used in this statute means one and not all. The wisdom of so providing is for the legislature and not the courts."

The court further noted that "The conclusion above reached is fortified by the fact that the statute as originally enacted in 1959 was somewhat unclear as to who could agree to waive the uninsured motorists coverage (see Opinion of the Attorney General, 3/8/60, No. 59/243), and the 1961 amendment was obviously intended to clarify and simplify the waiver procedure." We agree with the foregoing analysis and conclusions.

The change in the 1959 statute by the 1961 Legislature deserves some amplification. The earlier statute read as follows: "Provided, however, that the insurer and *the insured* may by supplemental agreement waive application of the provisions covering damage caused by an uninsured motorist." (Italics added.) It is apparent that there was an ambiguity or uncertainty in the language of the statute. As a consequence the Board of Supervisors of San Bernardino County requested an interpretation by the Attorney General as to whom was meant by the words "the insured" used in the statute. In a lengthy opinion the Attorney General discussed this ambiguity. (35 Ops. Cal. Atty. Gen. 71.) The 1961 Legislature, as the trial judge noted, obviously undertook to clarify the ambiguity in the earlier statute. In place of the words "the insurer and the insured", used in the 1959 enactment, it changed the language to "the insurer and any named insured."

In this connection it is to be noted that the language was not changed from "the insured" to "the named insured." If such had been the case, there might be some validity to appellant's argument that the singular should include the plural and that there was still an ambiguity which should be resolved against the company and in favor of coverage.

However, the change that was made in the statute, viz., from "the insured" to "any named insured" serves to clarify the matter and remove the previous ambiguity. Thus we have no problem of interpretation which brings into play the principle of insurance law that policies and statutes covering insurance which contain ambiguities or uncertainties must be construed in favor of the insured and against the insurer. (See *Jew Fun Him* v. *Occidental Life Ins. Co.*, 88 Cal.App.2d 246 [198 P.2d 711].)

Appellant points out that the word "any" has been held to mean "all" and "every" and cites a number of cases in support of this proposition. She then vainly argues that

"any" should be so interpreted in the case at bench. In the first place the context in which "any" is used in the statute does not warrant such an interpretation. The statute says "Such deletion *by any named insured shall be binding upon every insured. . . .*" (Italics added.) Thus the action of one named insured is binding upon "every insured" which obviously includes "named" insureds for the statute says (subd. (b) quoted above) "the term *'insured' means 'the named insured'. . . .*"

The cases relied upon by appellant in support of her argument on this point are not helpful. For example, in *Davidson* v. *Dallas,* 8 Cal. 227, defendant had given to one McPherson, a power of attorney in which the phrase "these purposes or any of them" was used. The court properly interpreted "any" in this context to mean "every one" or "all." In *Powell* v. *Allan,* 70 Cal.App. 663 [234 P. 339], the court interpreted the language contained in the Street Improvement Act of 1913, " 'Any bonds' not sold at expiration of fifteen days after advertisement of the sale . . . 'shall be turned into' the special improvement fund," as meaning all, or all remaining bonds, being the equivalent of "any bonds" remaining. (P. 668.)

Implicit in appellant's argument is the idea that it is unfair to Mrs. Weatherford and the Van Co. to give effect to a written agreement between William and the insurance company to delete uninsured motorists coverage without their concurrence. However, the argument in the instant case is not as potent as appellant would have us believe. It will be recalled that this was a small truck (2-ton Chevrolet) ; that it was being operated by Mr. Weatherford, an officer of the corporation; that the only other officer of the corporation mentioned in the record is Mrs. Weatherford; that in Mr. Weatherford's request to the insurance company to delete the uninsured motorists coverage he referred to the policy as "*my* above policy" (Italics added) ; and that the request by Mr. Weatherford to delete said coverage was made four days before the effective date of the policy (and the deletion indorsement became effective on the effective date of the policy). From the foregoing facts and circumstances it is a reasonable inference that this was a small business operated through a closed family corporation.

And from the additional facts that Mr. Weatherford signed his wife's name and stamped the name of the corporation on the request for deletion of uninsured motorists cover-

age and referred to the policy as "my" policy justify an inference that he had or believed he had authority to handle a matter of insurance coverage. Also, being an officer of the corporation his knowledge of the deletion of the coverage in question would be imputed to the corporation. There is nothing whatever in this record to suggest that Mr. Weatherford did not act in the best of good faith in this matter in which he had a vital interest. Since there was no fraud, bad faith or sharp practice in making the agreement with the insurance company and since it was made in conformity with the statute we see no inequity in the trial court's decision.

The judgment is affirmed.

Roth, P. J., and Herndon, J., concurred.

. A petition for a rehearing was denied February 17, 1966, and appellant's petition for a hearing by the Supreme Court was denied March 22, 1966. Peters, J., Tobriner, J., and Mosk, J., were of the opinion that the petition should be granted.