190 So.2d 819 (1966)
Marcos A. KOHLY, Appellant,
v.
ROYAL INDEMNITY COMPANY, a Foreign Corporation, Appellee.
No. 65-929.
District Court of Appeal of Florida. Third District.
October 18, 1966.
*820 Fred Patrox and Alfred M. Carvajal, Miami, for appellant.
Wicker, Smith, Pyszka, Blomqvist & Davant, Miami, for appellee.
Before CARROLL and SWANN, JJ., and BOYER, TYRIE A., Associate Judge.
BOYER, TYRIE A., Associate Judge.
The appellant was plaintiff below and the appellee was defendant. In this opinion the parties will be referred to as they stood in the lower court. The material facts are not in dispute.
The plaintiff filed a complaint for declaratory judgment seeking to have determined whether or not he was covered by "uninsured motor vehicle insurance" when involved in a certain automobile accident on August 19, 1963. He alleged, inter alia, that he had rented an automobile from the Hertz Corporation (which corporation was not a party to the suit below nor to this appeal) and was subsequently injured when the rented vehicle was struck by a negligently operated uninsured motor vehicle. The complaint further alleged the defendant to be the liability insuror of the rented vehicle, and asserted that the liability policy either included uninsured vehicle coverage, or that such coverage was statutorily imposed by Florida Statute 627.0851, F.S.A.
The defendant answered, admitting liability coverage of the subject vehicle at the time of the accident, but alleging that the Hertz Corporation had executed a written rejection of uninsured vehicle coverage prior to the subject accident and that therefore the plaintiff was without such coverage. Defendant attached to its answer was purported to be a true copy of a policy endorsement signed by an Assistant Vice President of the Hertz Corporation by virtue of which the uninsured vehicle coverage had been deleted from the liability policy.
In due course, the defendant moved for summary judgment, filing in support of its motion an affidavit of defendant's Vice President which recited, inter alia, that:
"* * * The Hertz Corporation rejected the uninsured motorists coverage offered to it by the Defendant, Royal Indemnity Company. Said rejection was in the form of an endorsement entitled `Deletion of Protection Against Uninsured Motorists Coverage' and said endorsement was executed by R.E. Nelson, Vice President of the Hertz Corporation. A copy of said endorsement No. 35 is attached hereto and made a part hereof.
"That from January 1, 1963 to and including August 19, 1963, and subsequent thereto, endorsement No. 35 was in full force and effect and Royal Indemnity Company did not provide uninsured motorist coverage to the Hertz Corporation, or to its renters, including the Plaintiff."
Attached to said affidavit was a copy of what purported to be a true copy of the rejection endorsement. The defendant also filed, pursuant to an Order to Produce, a true copy of the subject liability insurance policy which also included a copy of the rejection endorsement. Said policy contains the following recitals:
"Item 1. Name and Address of Insured
HERTZ SYSTEM, INC., a Delaware Corporation, THE HERTZ CORPORATION, a Delaware Corporation, and ALL SUBSIDIARY OR ASSOCIATED CORPORATIONS (now existing or hereinafter organized during the period of this policy) of each or all of the foregoing corporations.
* * * * * *

*821 "Definition of Insured. The unqualified word `insured' includes the named insured and also includes (1) any person, firm, association, partnership or corporation to whom an automobile has been rented without a chauffeur by the named insured (herein referred to as the `renter'); * * *"
In due course the plaintiff filed a motion for partial summary judgment, seeking to have the court summarily adjudge "that uninsured motorists coverage became a part of the subject automobile liability policy by operation of, and as a matter of, law." Plaintiff also filed an affidavit alleging as follows:
"That on August 19, 1963, he rented a 1963 Chevrolet from the Hertz Corporation. Said vehicle bore 1963 Florida license No. IE-4394. That he never at any time rejected or waived uninsured motorists policy coverage on the described vehicle nor was he ever asked or requested whether he wished to reject or waive such coverage. Indeed, he was advised by the Hertz Corporation's representative, at the time of the rental, that the described vehicle was `fully protected' by insurance.
"That he never authorized the Hertz Corporation, or any other corporation, or any person or association of persons, to reject uninsured motorists policy coverage in his behalf. That he was without knowledge of the fact that the Hertz Corporation has seemingly rejected such coverage until the pendency of this lawsuit; and that he has never approved of, nor ratified, that corporation's apparent attempt to deprive him of such coverage without his knowledge or consent."
No other affidavits, depositions or proofs were filed. In due course the motions for summary judgment were heard, whereupon the trial court denied the plaintiff's motion for a partial summary judgment and entered a summary final judgment in favor of the defendant.
The primary point to be resolved is whether rejection of uninsured vehicle coverage by the Hertz Corporation deprives the plaintiff, renter of the vehicle, of such coverage. The plaintiff contends that the coverage, being imposed by law, reflects the public policy of the state and that rejection by the owner, Hertz Corporation, is ineffective as to the renter who is also an insured under the terms of the policy.
Florida Statute 627.0851(1), F.S.A., relied upon by the plaintiff, requires that automobile liability insurance policies, as therein designated, shall afford coverage "for the protection of persons insured thereunder * * *". However, the Statute contains the following proviso:
"provided, however, that the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage; * * *" (Italics supplied)
Essentially it is the contention of the plaintiff that the italicized word "any" should be construed to mean "every" or that the italicized word "named" should be ignored.
Both the policy and the Statute use the designations "insured" and "named insured" or "insured named"; thus it is clear that the company in drafting the policy, and the Legislature in drafting the Statute, intended a distinction between the terms.
In interpreting insurance policies, the courts have uniformly held that the term "named insured" has a restricted meaning and does not apply to any persons other than those named in the policy. Farley v. American Auto Ins. Co., 137 W. Va. 455, 72 S.E.2d 520, 34 A.L.R.2d 933; Holthe v. Iskowitz, 31 Wash.2d 533, 197 P.2d 999; Fertig v. General Accident Fire & Life Assurance Corp., Ltd. of Perth, Scotland, 171 Misc. 921, 13 N.Y.S.2d 872; Travelers Ind. Co. v. American Casualty Co., D.C.W.Va., 226 F. Supp. 354; American Ind. Co. v. Davis, D.C.Ga., 155 F. Supp. 47.
*822 It is evident that the Hertz Corporation was named insured. Being such it was authorized by the proviso contained in the Statute to reject uninsured vehicle coverage. It is equally evident from the record before us that such coverage was in fact rejected by the Hertz Corporation. Indeed, the plaintiff does not so deny.
The plaintiff relies upon Zeagler v. Commercial Union Insurance Co. of N.Y., Fla.App. 1964, 166 So.2d 616, and Davis v. United States Fidel. & G. Co. of Baltimore, Md., Fla.App. 1965, 172 So.2d 485. We have examined those cases together with the other authorities cited, including Shelby Mutual Insurance Co. v. Schuitema, Fla. App. 1966, 183 So.2d 571, and find that they involved points not here under consideration. We are not unmindful of the decisions holding that Florida Statute 627.0851, F.S.A. established the public policy of this state to be that every insured, within the definition of that term as defined in the policy, is entitled to recover under the policy for the damages he or she would have been able to recover against the offending motorist if that motorist had maintained a policy of liability insurance. (See Davis v. United States Fidel. & G. Co. of Baltimore, Md., supra). However, the law giveth and the law taketh away. The first clause of the Statute giveth but the proviso above quoted furnishes a method by which it may be taken away. In the case, sub judice, the "insured named in the policy" rejected the coverage. It therefore did not exist and the plaintiff, when operating the subject vehicle, did not have uninsured vehicle coverage. The problem is one for legislative action, not judicial fiat.
We now consider the plaintiff's attack upon the propriety of the entry of a summary judgment on the asserted ground that there was an issue of fact to be resolved by a jury. His sole argument relates to minor differences between the three copies of the rejection endorsements appearing in the file as hereinabove recited. An examination of the three copies, all purporting to be "true copies" does reveal minor variations, but each purports to delete from the subject policy "the protection against uninsured motorists insurance or family protection coverage", and all support the affidavit of the defendant's Vice President, which stands uncontradicted. It is noted that the plaintiff's own affidavit does not deny the rejection of uninsured motorists coverage by the Hertz Corporation.
Rule 1.36(c), Florida Rules of Civil Procedure, 30 F.S.A., provides in part as follows:
"* * * The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law. * * *"
At no place in the record has the plaintiff attacked the effect of the rejection endorsements and it is apparent that the trial court, in granting the summary judgment for defendant, did not consider the variations to be material. We agree. No issue of material fact having been demonstrated, and it affirmatively appearing from an examination of the record that the material facts are not in controversy, we hold that this is a classical case for application of the summary judgment rule.
Finding no error, the summary final judgment appealed from is affirmed.
Affirmed.