[Civ. No. 32373.   Second Dist., Div. Five.   Mar. 5, 1969.]

JOHN L. HOLLAND, a Minor, etc., Plaintiff and Appellant v. UNIVERSAL UNDERWRITERS INSURANCE COMPANY, Defendants and Respondents.

Daniel J. DeNorch, Reilly & Holzhauer and Arthur M. Reilly for Plaintiff and Appellant.

Ruston & Nance and Donald A. Ruston for Defendants and Respondents.

KAUS, P. J.—Plaintiff, a minor, appeals from a judgment declaring that a certain liability policy issued to him by the defendant Universal Underwriters Insurance Company ("Universal") does not include uninsured motorist coverage. (Ins. Code, § 11580.2.)

The facts are quite simple. Plaintiff, then 16 years old, purchased a motorcycle from one Darby, who was the owner of B & D Enterprises. At that time he signed an application for insurance. The application form shows two of plaintiff's signatures. The upper signature appears in the middle of the page, below a schedule which sets forth a premium of $55 for

a "combination policy." A combination policy is elsewhere described as one which provides liability, collision, fire and theft protection for 12 months. At the bottom of the page, in heavy print, there appears the following:

"NOTE: Uninsured Motorist Coverage is NOT REQUIRED to satisfy the Financial Responsibility Law and you may elect, if you wish, to avoid this additional premium charge by signing below in the space provided.

"If you do not sign below it will be necessary for you to add $15.00 annual charge to above premiums if you have applied for liability coverages.

"In consideration of the issuance of this policy without an additional premium charge, I hereby request that Uninsured Motorist Coverage not be added to my liability policy: /s/ John L. Holland."

There is a conflict in the evidence with respect to whether or not the blanks in the form were filled out at the time plaintiff signed the application. To the extent that this conflict may be relevant to the resolution of any of the problems presented, it was impliedly settled against plaintiff who made no request for special findings. (Code Civ. Proc., § 634.)

On appeal plaintiff advances three contentions:

1. Uninsured motorist coverage was not deleted from the policy;

2. If such coverage was deleted, the agreement deleting it can be disaffirmed by a minor under 18; and

3. The trial court did not find on all issues tendered to it by the pleadings.

None of these contentions have merit.

### I.

The application for insurance was signed by the minor. The policy that was eventually delivered to him was signed by a representative of Universal. In the box on the face of the policy where a premium charge for uninsured motorist coverage would generally be shown, there is a stamp: "WAIVED BY SEPARATE AGREEMENT." Attached to the policy is an indorsement reading as follows: "In consideration of this policy having been issued without a premium charge for Family Protection Coverage, the named insured and the Company, in accordance with the provision of Section 11580.2(a) of the California Insurance Code which permits the insured and the

Company so to agree, do agree that the provision of this policy covering damages for bodily injury which the insured may be entitled to recover from the owner or operator of an uninsured motor vehicle has been waived by a separate agreement and such policy provision is void and of no effect. /s/ Logan P. Mann Authorized Representative.''

This, we think, is adequate compliance with the statutory provision that '' [t]he insurer and any named insured may by agreement in writing delete the provision covering damage caused by an uninsured motor vehicle.'' (Ins. Code, § 11580.2, subd. (a).)

Plaintiff argues that there is no single writing signed by the insurer and the insured. No such requirement is in the statute. In *Weatherford* v. *Northwestern etc. Ins. Co.*, 239 Cal.App.2d 567 [49 Cal.Rptr. 22], the insurer, on April 2, 1962, issued a policy which provided uninsured motorist coverage. On April 27 one of the insureds sent a letter to the insurer authorizing it to delete the coverage. The company then issued a written indorsement, signed by one of its agents, deleting the coverage from the policy. Although the precise argument now made was not advanced on appeal in the *Weatherford* case, we find it persuasive against plaintiff's contention. There is no magic in having all signatures on the same document.

Plaintiff also argues that the statute requires that the uninsured motorist coverage be ''deleted'' rather than not included in the first place. This, with all respect, seems a quibble. It is true that there is a strong policy in favor of the coverage (*Mission Ins. Co.* v. *Brown,* 63 Cal.2d 508, 510 [47 Cal.Rptr. 363, 407 P.2d 275]), and it is also true that Universal was not exactly pushing it, at least as far as its motorcycle liability policies were concerned, but no conceivable reason appears why the coverage should first be put in the policy and then, in some fashion, deleted. In fact, in those cases where the coverage is provided by operation of law, it would be impossible to do so.

The precise point now advanced was decided in *Myers* v. *National Auto. & Cas. Ins. Co.,* 252 Cal.App.2d 599, 603 [60 Cal.Rptr. 743] : ''National argues in effect that the agreement to delete the uninsured motorist provision can be made only after a policy has been issued providing fo rthe coverage.

''Webster's New. International Dictionary (2d ed.) gives these definitions of 'delete': 'to obliterate or blot out; erase,

expunge; dele.' 'Dele' is defined as meaning 'To erase; cancel, delete; mark for omission.'

"It would be strained construction of the statute to hold that an applicant for insurance could not voluntarily and understandingly in his written application 'mark for omission' this provision of a policy, the deletion of which is permitted by law. Whether he has done so is a matter of fact."

## II.

Plaintiff claims that, as a minor, he has the power to disaffirm the agreement deleting the uninsured motorist coverage. (Civ. Code, § 35.) Although the argument is couched in terms of disaffirmance, what it really amounts to is a contention that uninsured motorist coverage cannot be effectively deleted from a policy issued to a minor: if plaintiff is correct, what minor would fail to disaffirm after an accident with an uninsured motorist?

Plaintiff is aware of the equitable principle that minors, if they would disaffirm a contract, must disaffirm the entire contract, not just the irksome portions. (*Babu* v. *Petersen,* 4 Cal. 2d 276, 286 [48 P.2d 689]; *Peers* v. *McLaughlin,* 88 Cal. 294, 298-299 [26 P. 119, 22 Am.St.Rep. 306].) It is argued that the agreement not to purchase uninsured motorist coverage is a "separate agreement"[1] and can be disaffirmed as such. That having been done, it is immaterial whether or not the policy physically contains uninsured motorist coverage, since it is provided by statute. (Ins. Code, § 11580.2; *Mission Ins. Co.* v. *Brown,* 63 Cal.2d 508 [47 Cal.Rptr. 363, 407 P.2d 275]; *Hen-*

---

[1] As noted, the policy issued by Universal twice refers to a "separate agreement." Quite obviously this is merely a reference to the fact that the plaintiff's agreement in writing deleting the uninsured motorist coverage is contained on a separate paper. Such a reference seems highly desirable in view of the holding of *Hendricks* v. *Meritplan Ins. Co.,* 205 Cal.App.2d 133, 138 [22 Cal.Rptr. 682]: ". . . Mere acceptance by the named insured of a policy . . . containing an endorsement . . . does not come within what the Legislature contemplated as a *waiver* by *supplemental agreement* of *uninsured motorist coverage.* Undoubtedly, the Legislature, by the use of the words 'supplemental agreement,' intended that the named insured execute a waiver as an addition to and not as part of the policy itself; in other words, a waiver would not be manifested by mere acquiescence in the terms of the policy as endorsed when issued to him. . . ." (This passage refers to the wording of Ins. Code, § 11580.2 before its 1961 amendment. See *Mission Ins. Co.* v. *Brown,* 63 Cal.2d 508, 511, fn. 2 [47 Cal.Rptr. 363, 407 P.2d 275].) The fact that the insured's desire not to purchase uninsured motorist coverage is physically expressed on a separate document clearly does not mean that it is legally severable from the agreement, of which it is an integral part.

*dricks* v. *Meritplan Ins. Co.,* 205 Cal.App.2d 133, 136 [22 Cal.Rptr. 682].)

Frankly, we are not impressed. It is one thing to say that he who affirmatively deals with a minor, does so at his peril. (*Burnand* v. *Irigoyen,* 30 Cal.2d 861, 866 [186 P.2d 417]; *Pollock* v. *Industrial Acc. Com.,* 5 Cal.2d 205, 210-211 [54 P.2d 695].) It is something else to announce that one who thinks he has not made a contract with a minor, may suddenly find that he has done so after all.

Plaintiff purchased liability insurance without uninsured motorist coverage. There is no rule which says that because he is a minor he can suddenly claim to have bought more than he actually did. Section 35 of the Civil Code does not turn a noncontract into a contract. Once the requirement of section 11580.2 of the Insurance Code with respect to the "agreement in writing" is satisfied, we know of no public policy which demands that it be ignored. In point of fact, we think it would be a disservice to minors to rule otherwise. We can take judicial notice of their problems in obtaining liability insurance at rates which would seem reasonable to adults. There is nothing in the law to prevent liability insurers from refusing to deal with persons who do not agree to delete uninsured motorist coverage. If we went along with plaintiff in this case and, in effect, added such a prohibition to the law, it might well become even more difficult for minors to protect themselves and others from the consequences of accidents for which they are legally liable.

### III.

In his complaint plaintiff claimed that Universal practiced fraud, deception and undue influence on him. He now asserts that the court should have made findings on those issues. He points to no evidence which would support a finding in his favor. Indeed it would be surprising if the record contained any. At the outset of the trial the parties stipulated that there were basically only two issues in the case, namely those we have already discussed in the opinion. Not a word was said about fraud, deception or undue influence.

The judgment is affirmed.

Aiso, J., and Reppy, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 30, 1969. Peters, J., and Mosk, J., were of the opinion that the petition should be granted.