327 So.2d 792 (1976)
GREYHOUND RENT-A-CAR, INC., a Florida Corporation, Appellant,
v.
Alda CARBON and Manuel Carbon, Individually and As Husband and Wife, Appellees.
No. 75-1223.
District Court of Appeal of Florida, Third District.
January 27, 1976.
Rehearing Denied March 10, 1976.
Preddy, Haddad, Kutner, Hardy & Josephs and Glenn P. Falk, Miami, for appellant.
West, Friesner & Goldman, Norman I. Segal, Miami, for appellees.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
NATHAN, Judge.
This is an interlocutory appeal by Greyhound Rent-A-Car, Inc., defendant in the trial court, from a partial summary judgment on the issue of liability in favor of the plaintiffs, Aida Carbon and Manuel Carbon, individually and as husband and wife.
On July 28, 1974, the Carbons, residents of New York who did not own a motor vehicle, rented a car in Dade County, Florida, from defendant, Greyhound Rent-A-Car, Inc. On that date, the vehicle driven by Manuel Carbon, in which Aida Carbon was a passenger, was involved in an accident. The Carbons, allegedly injured as a result of the accident, sued Greyhound for personal injury protection (PIP) benefits under § 627.733(4), Fla. Stat. By answer, Greyhound raised the defense that a rental vehicle is not a "motor vehicle" as defined *793 by the Florida Automobile Reparations Reform Act, and, therefore, the plaintiffs were not entitled to PIP benefits. The Carbons filed a motion for summary judgment. Following a hearing, the court granted a partial summary judgment in favor of the plaintiffs on the issue of liability. In this interlocutory appeal by Greyhound from the partial summary judgment, the question presented is one of first impression in Florida: Whether a rental vehicle is a "motor vehicle" as defined in § 627.732(1), Fla. Stat.
Greyhound contends that the rental sedan involved in this case was used as a "public livery conveyance for passengers" and, therefore, was not a motor vehicle. Livery conveyance is defined in Black's Law Dictionary, Revised Fourth Addition, 1968, at page 1084, as
"A vehicle used indiscriminately in conveying the public, without limitation to certain persons or particular occasions or without being governed by special terms."
In Couch on Insurance, 2d, § 1040, it is stated that,
"To be a public conveyance requires the indiscriminate use of the vehicle conveying the public and a holding out of the vehicle to the general public for the carrying of passengers for hire... . the vehicle is not a public conveyance where its use with respect to others is limited to particular persons and particular times and is governed by special terms."
In our opinion, the vehicle rented by Manuel Carbon was not a public or livery conveyance since it was not subject to indiscriminate use by the general public without limitation to particular persons, particular times or special terms. The vehicle was rented to Manuel Carbon as an individual, and was governed by the special terms of the rental agreement. Therefore, we hold that a rental vehicle is a "motor vehicle." The partial summary judgment is affirmed.
Affirmed.