340 So.2d 510 (1976)
Oscar GUARDADO and Milagros Guardado, Appellants,
v.
GREYHOUND RENT-A-CAR, INC., Appellee.
Nos. 76-157, 76-405.
District Court of Appeal of Florida, Third District.
December 7, 1976.
Rehearing Denied January 6, 1977.
*511 Luis Stabinski & Associates and Martin Levine, Miami, for appellants.
Preddy, Haddad, Kutner, Hardy & Josephs and T.G. Anagnost, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
HENDRY, Judge.
Appellants were the plaintiffs in the court below and appellee was the defendant.
Appellants bring two separate appeals from the entry of two separate orders of the trial court dated December 23, 1975 and February 4, 1976, respectively. The first order dismissed Count I of appellants' complaint, which sought a declaratory judgment as to uninsured motorist coverage under Section 627.727, Florida Statutes (1975). The second order, addressing itself to appellants' amended complaint, dismissed with prejudice the same Count I found in appellants' complaint. In addition, the second order also stayed proceedings as to Count II of the amended complaint, which sought personal injury protection benefits (p.i.p.), until such time as the Florida Supreme Court granted or denied certiorari in the dispositive case of Greyhound Rent-A-Car, Inc. v. Carbon, 327 So.2d 792 (Fla.3d DCA 1976). By order of this court, dated March 30, 1976, these appeals were consolidated.
On November 27, 1972, appellants were involved in an automobile accident caused by the negligent driving of an uninsured motorist. Appellants had rented their vehicle from appellee and sought uninsured motorist benefits from appellee, pursuant to Section 627.727(1), Florida Statutes (1975). The rental agreement signed by appellants provided for collision insurance coverage, but made no mention of uninsured motorist coverage. Appellee, which had qualified as a self-insured under Section 324,171, Florida Statutes (1975), denied that appellants were due any benefits, claiming that it had unilaterally rejected said coverage by the execution of a waiver.
Appellants also sought personal injury protection benefits (p.i.p.) under the Florida Automobile Reparation Reform Act (No Fault Law). Appellee denied said benefits, taking the position that it was not subject to the provisions of the No Fault Law. Appellee based its position on the contention that a rental car is not a "motor vehicle" as defined in Section 627.732(1), Florida Statutes (1975).
Appellants contend that, as far as Count I is concerned, the trial court erred in granting appellee's motion to dismiss with prejudice. In support of their contention, appellants point to the terminology of Section 627.727(1), Florida Statutes (1975), (the statutory section that deals with uninsured vehicle coverage) which provides in part:
"... that the coverage required under this section shall not be applicable when, or to the extent that, any uninsured named in the policy shall reject the coverage; ..."
Appellants' basic contention is that appellee could not have effectively rejected the aforementioned uninsured motorist coverage because it was not an "insured named in the policy." Appellants, adhering to a literal interpretation of the above statute, argue that appellee, being a self-insured, had no policy of insurance per se, and without a policy of insurance naming appellee as the insured, there could be no effective waiver of coverage.
Appellee responds by stating that the trial court did not err in dismissing appellants' first count in light of our decision in Kohly v. Royal Indemnity Company, 190 So.2d 819 (Fla.3d DCA 1966). The facts of Kohly, supra, are almost identical to the case sub judice. In that case, a lessee of a rental automobile, involved in an auto accident with an uninsured motorist, sought a declaratory judgment as to whether or not he was covered by uninsured motorist insurance. This court held that the rental agent, who was the insured under the policy of insurance in effect at the time of the accident, *512 had rejected uninsured motorist coverage offered by the carrier and that the rejection was effective against the lessee. As in the case sub judice, the rejection had not been communicated to the lessee of the vehicle.
Appellants' attempt to distinguish Kohly, supra, from the instant case, on the sole ground of appellee's status as a self-insured is a good effort to circumvent what is admittedly a sore spot in the law. In fact, appellants admit in their brief that, but for appellee's status, the facts of Kohly, supra, would be identical to the instant case and would control.
We cannot, however, accept appellants' distinction. Section 324.171, Florida Statutes (1975), allows those who can financially qualify to become a self-insured. To follow appellants' line of reasoning, we would have to rule that a self-insured could never effectively waive uninsured motorist coverage, because he was not a named insured in a policy of insurance pursuant to Section 627.727, Florida Statutes (1975).
Appellants' real argument is that of public policy and we have so held that this particular statute must be broadly construed to maximize public protection. Weathers v. Mission Insurance Company, 258 So.2d 277 (Fla.3d DCA 1972). However, we have also stated that this very problem of uncommunicated waivers of uninsured motorist protection must be dealt with by legislative action and not judicial fiat. Kohly, supra, 190 So.2d at 822. We must therefore hold that appellee's uncommunicated waiver of uninsured motorist protection was an effective means of denying appellants' coverage under Section 627.727, Florida Statutes (1975).
Turning now to Count II, we find that subsequent to the filing of briefs in this cause, the Supreme Court of Florida denied certiorari in the case of Greyhound Rent-A-Car, Inc. v. Carbon, 327 So.2d 792 (Fla.3d DCA 1976), cert. denied 336 So.2d 1182 (1976) (Fla. 1976). Therefore, the appeal brought from the order staying Count II is moot and we relinquish jurisdiction to the trial court for an assessment of appellants' costs, interest and attorneys' fees incurred in the pursuit of p.i.p. benefits.
After having carefully considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, we conclude that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited and discussed, the orders appealed from are affirmed.
Affirmed and remanded to the trial court for assessment of interest, costs and attorneys' fees.
PEARSON, Judge (dissenting).
I would not hold Kohly v. Royal Indemnity Company, 190 So.2d 819 (Fla.3d DCA 1966) controlling as to uninsured motorist coverage for a lessee from a self-insured rental company. It would seem that an automobile rental company which purports to offer liability insurance coverage to its customers should be estopped to deny the opportunity for such coverage to the customer. Cf. J.S. Michael Company v. Rayonier, Incorporated, 212 So.2d 824 (Fla.1st DCA 1968).