388 So.2d 617 (1980)
The CONTINENTAL INSURANCE COMPANY, a New York Corporation, Appellant,
v.
Robert F. ROTH, Clinton Roth, and Dorothy Roth, Appellees.
No. 79-1909.
District Court of Appeal of Florida, Third District.
September 23, 1980.
Rehearing Denied October 24, 1980.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and James E. Tribble and Todd A. Cowart, Miami, for appellant.
William R. Alvin, Miami, Savitt, Kotzen & France, N. Miami Beach, for appellees.
Before HENDRY, HUBBART and BASKIN, JJ.
HENDRY, Judge.
We review a declaratory judgment in which it was held that a named insured in an automobile liability policy could not effectively refuse uninsured motorist (U/M) coverage for other named insureds. We reverse.
Clinton, Dorothy and son Robert were named insureds in an automobile liability policy issued to them by appellant, Continental, through the agency of Turner-Frix Insurance, Incorporated. The agent sent to appellees Roth both a notice regarding statutorily-mandated provision of U/M coverage, as well as an option form by which they might reject en toto, or lower, that coverage. Following telephonic communication between Mrs. Roth and an employee of the agency, Mr. Roth rejected the U/M coverage in a writing forwarded to the insurer. Thereafter, the son was injured while operating an insured vehicle. Blaming a "hit and run" driver for Robert's misfortune, the Roths sought a U/M award under the policy.
The Roths argue alternatively that the rejection of U/M coverage had not been knowingly and intelligently made, and that in any event, Robert, as a named insured who had not rejected the U/M coverage, was not bound by his father's rejection thereof.
The trial court accepted the reasoning of the latter contention, and expressly refused to resolve the question of fact regarding the former.
Florida's uninsured motorist insurance statute, in pertinent part, reads thus:
No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle *618 shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom. However, the coverage required under this section shall not be applicable when, or to the extent that, any insured named in the policy shall reject the coverage. (Emphasis supplied.)
§ 627.727(1), Fla. Stat. (1979). (Changes in the law leading to its present evolution have no impact on the issue sub judice.)
In an instance where the statutory authority of a named insured to reject U/M coverage for an additional (rather than "named") insured was questioned, we found that such authority did in fact exist:
[T]he law giveth and the law taketh away. The first clause of the Statute [, affording U/M coverage "for the protection of persons insured thereunder . ."] giveth but the proviso above quoted ["the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage"] furnishes a method by which it may be taken away. In this case, sub judice, the "insured named in the policy" rejected the coverage. It therefore did not exist, and the plaintiff, when operating the subject vehicle, did not have uninsured vehicle coverage.
Kohly v. Royal Indemnity Co., 190 So.2d 819 (Fla. 3d DCA 1966), cert. denied 200 So.2d 813 (Fla. 1967). Accord, Guardado v. Greyhound Rent-A-Car, Inc., 340 So.2d 510 (Fla. 3d DCA 1976); Morpurgo v. Greyhound Rent-A-Car, 339 So.2d 718 (Fla. 1st DCA 1976).[1]
The only instance which we have uncovered in which the question of a named insured's authority to reject U/M coverage for another named insured was in the case of Weatherford v. Northwestern Mutual Insurance Co., 239 Cal. App.2d 567, 49 Cal. Rptr. 22 (1966). However, the California statute's language, similar in origin to ours, had been amended to avoid the construction urged by appellees.
Although we recognize, in this case of first impression, the distinction drawn by appellees between additional and named insureds, we do not attach significance to it. We hold that any named insured, as the statute says, may reject U/M coverage for all insureds  named or additional. This holding makes the most sense to us, both as legislative interpretation and as logical result: We envision no rational apportionment of the U/M premium among named insureds, should some want the coverage, and others not; nor can we believe that it was the intention of the legislature, Continental, or the Roths, that a bargain for U/M coverage be struck per capita, within each policy, rather than on a policy-by-policy basis.
Appellant Continental further seeks a ruling that, as a matter of law, Mr. Roth made a knowing and intelligent waiver of his right to U/M coverage. However, we are not disposed to peruse the record toward that end, until the trial court has made a determination of fact or law in that regard. Thus, we remand for that purpose.
Reversed and remanded.
NOTES
[1] In Riccio v. Allstate Insurance Co., 357 So.2d 420 (Fla. 3d DCA 1978), as in the case sub judice, it was urged that each named insured had to reject the offered U/M coverage in order to make effective rejection as to that person. We expressly withheld opinion on that argument, deciding on other grounds, while suggesting that greater briefing on that issue would be appropriate should it reach us again in that case, after remand. Cases cited in that comment involve rejection of U/M coverage by persons not named as insureds; thus, those decisions are not helpful herein.