[No. F003149. Fifth Dist. Jan. 28, 1985.]

GARY LAPP et al., Plaintiffs and Appellants, v.
TRANSPORT INDEMNITY COMPANY, Defendant and Respondent.

**[Opinion certified for partial publication.*]**

*Part II of this opinion is not published, because it does not meet the standards for publication contained in California Rules of Court, rule 976(b).

162

**Counsel**

George A. Boyle for Plaintiffs and Appellants.

Gerald G. Reppetto for Defendant and Respondent.

**Opinion**

**BROWN, (G. A.), P. J.—**

## Part I

Gary Lapp and Ben Scott Faulkner, plaintiffs, appeal from a summary judgment entered in favor of defendant Transport Indemnity Company (Transport). While Jar Corporation and/or Jartran, Inc. (Jartran) is a named defendant in the court below, it is not a party to the summary judgment proceeding before us.

It appears Jartran is engaged in the truck rental business. Appellants rented a truck from Jartran and were involved in an accident with an uninsured motorist. Appellants were injured and sought and were denied by Transport uninsured motorist coverage under a policy of insurance issued by Transport to Jartran as the named insured. The complaint alleges that "[o]n or about March 1, 1980 defendant Transport Indemnity Company, issued a contract of insurance, policy number 09041 to defendant JAR Cor-

poration and/or Jartran Inc. A copy of that part of the policy entitled 'Occupational Comprehensive Liability and Comprehensive Physical Damage Policy Declarations' as well as a copy of a 'Waiver and Deletion of Uninsured Motorist Coverage' are . . . attached hereto, and incorporated by reference hereby."

The exhibits attached to the complaint establish that the policy issued by Transport to Jartran covers bodily injury liability, property damage liability, bailment liability and physical damage liability. Under statutory and case law, these coverages would extend to permissive users such as appellants herein. (Ins. Code, § 11580.1, subd. (b)(4); *Metz* v. *Universal Underwriters Ins. Co.* (1973) 10 Cal.3d 45 [109 Cal.Rptr. 698, 513 P.2d 922].) However, the exhibits also show that at the time of the issuance of the policy Jartran and Transport entered into a "waiver and deletion of uninsured motorist coverage."[1] Such a waiver is authorized by Insurance Code section 11580.2[2] on a specified form for the deletion of uninsured motorist coverage. (Ins. Code, § 11580.2, subd. (a)(2).) All the requirements of these sections were complied with.

There are no California cases addressing the question of whether a named insured's waiver of uninsured motorist coverage binds a permissive user of the vehicle. In the instant case, Jartran was a named insured and paid the premiums on the policy. Any protection afforded appellants under the policy was due to the appellants' status as permissive users, not by virtue of any direct contractual relationship between appellants and Transport.

We further observe that there is no contention or allegation that anyone expressly represented to appellants that uninsured motorist coverage was

---

[1]The deletion and waiver stated: "The Insurance Code requires an insurer to provide uninsured motorists coverage in each bodily injury liability insurance policy it issues covering liability arising out of the ownership, maintenance, or use of a motor vehicle. Such section also permits the insurer and the applicant to delete such coverage completely or with respect to one or more natural persons designated by name when operating a motor vehicle. Uninsured motorists coverage insures the Insured, his heirs, or legal representatives for all sums within the financial responsibility limits which such person or persons are legally entitled to recover as damages for bodily injury, including any resulting sickness, disease, or death, to him from the owner or operator of an uninsured motor vehicle not owned or operated by the Insured.

"In consideration of the premium at which this policy is written, it is hereby agreed by the Insured, named on the Declarations attached to this policy, that uninsured motorists coverage is waived completely and is completely deleted.

"This waiver and deletion of uninsured motorists coverage is applicable in all jurisdictions. If any jurisdiction shall require a specific form or wording for waiver and/or deletion of uninsured motorists coverage, this endorsement shall be deemed to conform to any such requirement and shall be applicable to any Insured."

[2]The relevant part of section 11580.2 provides: "The insurer and any *named* insured, prior to or subsequent to the issuance or renewal of a policy, may, by agreement in writing, in the form specified in paragraph (2), delete the provision covering damage caused by an uninsured motor vehicle . . . ." (Italics added.)

provided to appellants. Under the express terms of Insurance Code section 11580.2, subdivision (a)(1), the *named* insured has the authority to waive uninsured motorist coverage. (See fn. 2, *supra.*) Also, the form of waiver and deletion of uninsured motorist coverage provided by the code (Ins. Code, § 11580.2, subd. (a)(2); see fn. 1, *ante*) provides: "Such section also permits the insurer and the applicant to delete such coverage . . . ." A permissive user is not the applicant and not the named insured. The Legislature contemplated, however, that the applicant or named insured could waive uninsured motorist coverage for persons covered by the policy who are not the applicant or the named insured. Clearly, the code language authorizes the named insured and the insurer to execute such a waiver.

In *Kohly* v. *Royal Indemnity Company* (Fla. 1966) 190 So.2d 819, the Third District Court of Appeal in Florida on facts almost identical to the facts in the case at bar held the named insured could waive uninsured motorist coverage. In that case, plaintiff rented a car from an automobile rental agency and was injured when the rented vehicle was struck by an uninsured motorist. The circuit court granted a summary judgment for the liability insurer of the rented vehicle based on a finding that the rental agency waived uninsured motorist coverage. Plaintiff appealed. The District Court of Appeal affirmed and held that by virtue of a proviso in the statute which provided the uninsured motorist coverage "shall not be applicable where *any* insured *named* in the policy shall reject the coverage," the rental agency was authorized to reject uninsured motorist coverage. (*Id.*, at p. 821.)

Appellants have not met head-on the express provisions of the statute or cited any authority to the contrary. ■ We conclude the named insured, Jartran, could properly waive uninsured motorist coverage and the waiver is binding upon permissive users, such as appellants herein.

## PART II*

. . . . . . . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Costs are awarded to respondent.

Woolpert, J., and Best, J., concurred.

---

*See footnote, *ante,* page 161.