184 So.2d 186 (1966)
ROCK-WELD CORPORATION OF PUERTO RICO, a Puerto Rico Corporation, Appellant,
v.
ROCK-WELD EQUIPMENT CORP. OF FLORIDA, a Florida Corporation, Appellee.
No. 65-609.
District Court of Appeal of Florida. Third District.
March 22, 1966.
Rabin & Sassoon, Jack J. Taffer, Miami, for appellant.
Litman, Muchnick & Rosenfield, Hollywood, for appellee.
Before PEARSON, CARROLL and SWANN, JJ.
PEARSON, Judge.
This appeal is from a summary final decree in a suit for an accounting. The appellant, Rock-weld Corporation of Puerto Rico, was plaintiff; the appellee, Rock-weld Equipment Corporation of Florida, was the defendant and counterclaimant. The summary final decree was entered upon the sole basis that a termination agreement executed by the parties was in actuality a rescission of the contract and a settlement of all claims between the parties.[1]
*187 The agreement, construed by the trial court as a settlement between the parties, is as follows:
"TERMINATION AGREEMENT
"THIS AGREEMENT entered into this  day of September 1963, By and Between ROCK-WELD EQUIPMENT CORPORATION OF FLORIDA, a corporation duly organized under the laws of the State of Florida, hereinafter called FIRST PARTY, herein represented by its president Mr. Jerry Greenfield.
AND
ROCKWELD CORPORATION OF PUERTO RICO, a corporation duly organized under the laws of the Commonwealth of Puerto Rico, hereinafter called SECOND PARTY, herein represented by its president Mr. Arnold A. Adams.
WITNESSETH THAT:
"WHEREAS, on the  day of November 1962, the parties hereto entered into a contract called, `Distribution Agreement'; and
"WHEREAS, neither FIRST PARTY nor SECOND PARTY any longer desires to conform to, or be bound by the terms, conditions and covenants of said `Distribution Agreement';
"NOW THEREFORE, the parties hereto hereby agree as follows:
It is mutually agreed between the parties hereto that said `Distribution Agreement' dated on the  day of November 1962, by and between the parties hereto be terminated on this  day of September 1963.
"IN WITNESS WHEREOF, the parties hereto, by their respective presidents, have set their hands and seals the day and year above first written."
The business relationship between the appellee and the appellant was apparently that of supplier and distributor, respectively. There is a legal distinction between an agreement which would terminate the business relationship and one which would in addition to terminating the relationship also settle all outstanding claims. Cf., Durham Tropical Land Corp. v. Sun Garden Sales Co., 106 Fla. 429, 138 So. 21, 143 So. 758, 151 So. 327 (1931); Bernecker v. Bernecker, Fla. 1952, 60 So.2d 399; Hyman v. Cohen, Fla. 1954, 73 So.2d 393. See Annot., 166 A.L.R. 391, and 32 A.L.R. 209.
The language of the quoted agreement is not so clear as to conclusively constitute a settlement agreement. Taken in context with its title it might be construed as nothing more than a termination of the business relationship. When the wording of an agreement is ambiguous and the parties contend for different interpretations, evidence as to the intent of the parties is proper. Cf., Knabb v. Reconstruction Finance Corp., 144 Fla. 110, 197 So. 707, 715 (1940); Atlas Sewing Center, Inc. v. Belk's Dept. Store, Fla.App. 1964, 162 So.2d 274. The only evidence now before the court as to the intent of the parties is an affidavit of the appellee which is ineffective because it does not allege any fact that would be admissible in evidence and sets forth only a conclusion of law. See Harrison v. Consumers Mortgage Company, Fla.App. 1963, 154 So.2d 194.
The pleadings filed in this cause demonstrate the existence of an issue as to the purpose of the "termination agreement". This issue is one of fact because it is apparent from the pleadings that both the plaintiff and the defendant have at one time placed a construction on the instrument which is different from that now given to it by the court. We therefore conclude that there is a genuine issue of material *188 fact as to the intent of the parties in the making of the ambiguous agreement entitled "termination agreement," and we reverse the summary final decree appealed. The cause is remanded with directions to proceed with the cause in accordance with the views herein expressed.
Reversed and remanded.
NOTES
[1] The decree states:

"ORDERED, ADJUDGED and DECREED that the Court finds as a matter of law that the Termination Agreement entered into between the parties legally terminated the contractual relationship between the parties as evidenced by the Distribution Agreement dated November 1, 1962, which is the subject matter of the Plaintiff's alleged cause of action against the Defendant and upon which Agreement the Plaintiff sought damages against the Defendant for its alleged breach. * * *"