195 So.2d 47 (1967)
Daisy LEAKS, Appellant,
v.
William D. ADEIMY and Delores T. Adeimy, Appellees.
No. 943.
District Court of Appeal of Florida. Fourth District.
February 14, 1967.
*48 William M. Holland, of Holland & Smith, West Palm Beach, for appellant.
Harry Lee Anstead, of Sullivan & Anstead, West Palm Beach, for appellees.
CROSS, Judge.
This is an appeal by the plaintiff below from an adverse summary judgment. The action was one for damages for personal injuries received by the plaintiff-servant maid when she suffered a fall on the premises of the defendants, her employers.
The defendants in support of their motion for summary judgment relied on the pleadings, plaintiff's answers to interrogatories, requests for admissions, and the deposition of plaintiff. Plaintiff filed no affidavit in opposition to the motion.
Plaintiff's employment, among other duties, consisted in washing, ironing and general household work and while going through the utility room for the purpose of hanging up laundry in the back yard (the utility room being the way defendants provided for plaintiff to enter the back yard) plaintiff fell over a metal pot on the floor of said room incurring injury.
The utility room was maintained by defendants for the purpose of storing utilities, household items and items used in the business of the defendants. Light in the room was provided by the location of a window therein and electrical facilities which were not on at the time of the injury.
The facts as disclosed and justifiable inferences to be drawn therefrom are triable issues as to whether or not the defendants breached their duty to provide a reasonably safe place for plaintiff to work.
The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts. It is not the function of the trial court to adjudicate genuine factual issues at the hearing on the motion for summary judgment and all inferences of fact from the proof proffered at the hearing must be drawn against the movant and in favor of the party opposing the motion.
The question of defendants' liability cannot be lawfully withdrawn from the jury and determined by the court unless the facts are not only undisputed but are also such that all reasonable men, in the exercise of a fair and impartial judgment, must draw the inference and conclusion therefrom of non-negligence. See Warring v. Winn-Dixie Stores, Fla.App. 1958, 105 So.2d 915.
Applying the foregoing rule of law to the facts as stated it is our conclusion *49 that the lower court erred in granting defendants' motion for summary judgment.
Reversed.
WALDEN, C.J., and BARNS, PAUL D. (Ret.), Associate Judge, concur.