252 So.2d 856 (1971)
WESTCHESTER FIRE INSURANCE COMPANY, Appellant,
v.
IN-SINK-ERATOR, a Division of Emerson Electric Co., a Foreign Corporation, et al., Appellees. (Two Cases).
Nos. 71-51, 71-52.
District Court of Appeal of Florida, Fourth District.
October 5, 1971.
*857 William T. Moore, of Moore, Welbaum, Zook & Jones, Miami, for appellant.
W. Ford Duane, of Robertson & Williams, Orlando, for appellee In-Sink-Erator.
Clyde A. Reese, Jr., of Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for appellee Plantation Apartments of Orlando, Inc.
PER CURIAM.
We consolidate for purpose of review these appeals.
Appellant Westchester Fire Insurance Company was the surety of a contractor who was employed to build an apartment complex owned by the third party defendant, Plantation Apartments of Orlando, Inc. The contractor defaulted, and Plantation and Westchester subsequently entered into a settlement agreement concerning Plantation's claims against Westchester as surety. The agreement provided in part that Plantation would assume responsibility for "payment of any amounts owing for the furnishing of labor and materials for allowance items as specified in the contract. * * *"
A few weeks thereafter, In-Sink-Erator filed a complaint against the contractor and Westchester as surety, alleging that there was due and owing on account stated some $8,077 for garbage disposal units supplied by In-Sink-Erator to the contractor for installation in the apartments. Westchester answered the complaint and admitted that it was the contractor's surety, denied or alleged lack of knowledge as to the remaining allegations of the complaint and set forth several affirmative defenses. Westchester also filed a third party complaint against Plantation, alleging that by virtue of the settlement agreement between Plantation and Westchester, Plantation, if anyone, was liable to In-Sink-Erator for the disposals, because the disposals were "allowance items" for which Plantation had assumed responsibility. All parties filed motions for summary judgment. Summary final judgment was entered by the trial court in favor of plaintiff In-Sink-Erator and against the surety, Westchester Fire Insurance Company. Final judgment[1] was entered in favor of Plantation and against Westchester Fire Insurance Company on the third party complaint. These appeals then followed. We reverse.
We do so because there exists a genuine issue of a material fact as to the extent of Plaintiff-In-Sink-Erator's performance *858 of the contract; i.e., number of garbage disposal units delivered, and thus its entitlement to recovery. Additionally, a genuine issue of a material fact exists as to Plantation's liability for payment of the disposal units under the settlement agreement with Westchester. As stated above, Plantation agreed to pay for allowance items "as specified in the contract." The trial judge construed this language to mean that Plantation had assumed responsibility only for those items listed as allowance items in the original contract. While kitchen equipment was included in the category of allowance items in the original contract, garbage disposals were added as an item of kitchen equipment by a modification of the original contract. Thus, reasoned the trial court, the settlement as a matter of law had not shifted the responsibility of payment for the disposals from Westchester to Plantation.
It is true that where a determination of liability depends on a written instrument of the parties thereto and the legal effect to be drawn therefrom, the question at issue is one of law only, and ordinarily is determinable by summary judgment. Shafer & Miller v. Miami Heart Institute, Inc., Fla.App. 1970, 237 So.2d 310. However, where the terms of the instrument are ambiguous, casting doubt upon the intent of the parties, this intent must be determined by the trier of fact, and is not to be determined upon a motion for summary judgment. See Smith v. Baker, Fla.App. 1968, 206 So.2d 409.
Without going into exhaustive detail, the record reflects that the provision of the settlement agreement regarding allowance items "as specified in the contract" is ambiguous, and that the issue of intent of the parties must be resolved as a matter of fact.
The existence of a genuine issue as to a material fact bars the granting of a summary judgment. Brown v. Warren Wooten Ford, Inc., Fla.App. 1971, 245 So.2d 268; Leaks v. Adeimy, Fla.App. 1967, 195 So.2d 47; O'Grady v. Wickman, Fla.App. 1968, 213 So.2d 321; Holl v. Talcott, Fla. 1966, 191 So.2d 40. The above issues were not negated by the pleadings, affidavits, depositions, interrogatories and answers to requests for admissions.
Accordingly, the summary final judgment entered in favor of In-Sink-Erator and the final judgment entered in favor of Plantation are reversed, and the cause remanded for further proceedings consistent with the views herein expressed.
Reversed and remanded.
REED, C.J., and CROSS and OWEN, JJ., concur.
NOTES
[1] The text of the final judgment reflects it to actually be a summary final judgment.