SPECTOR, Chief Judge.
This is an appeal by the plaintiff in an action for conversion against the appellees by which he seeks review of an adverse summary judgment entered for the appel-lees.
Appellant’s complaint seeking both compensatory and punitive damages alleged that the defendant bank through its agent Stark wrongfully repossessed a pickup truck owned by appellant which was being financed by the bank. The complaint alleged that the repossession was in violation of the Soldiers’ and Sailors’ Civil Relief Act of 1940, 50 U.S.C.A. App. § 531.
The record before us indicates that in April 1970 Bowling purchased a new 1970 Chevrolet Fleetside Truck from a local dealer, and the purchase was financed by the defendant bank under a conditional sales contract dated April 27, 1970. Some six monthly payments were made by appellant as required by the contract. During the seventh month, November 1970, Bowling received notice of his draft into the armed forces and enlisted in December, leaving the pickup in the custody of his *202 mother. During January 1971, Stark telephoned Bowling’s mother approximately six times and demanded that she pay the money owed to the bank on the truck or surrender its possession to the bank. She responded to the demands of Mr. Stark and surrendered possession of the truck to avoid the threatened damage to her son’s credit that Mr. Stark assured would result if she did not do so.
Appellant argues that the appellees wrongfully deprived him of his right to possession of the truck because the latter gained possession in violation of the Soldiers’ and Sailors’ Civil Relief Act, supra. That act provides:
"§ 531 Installment Contracts for Purchase of Property.
“(1) No person who has received, or whose assignor has received, under a contract for the purchase of real or personal property, or of lease or bailment with a view to purchase of such property, a deposit or installment of the purchase price, or a deposit or installment under the contract, lease, or bailment, from a person or from the assignor of a person who, after the date of payment of such deposit or installment, has entered military service, shall exercise any right or option under such contract to rescind or terminate the contract or resume possession of the property for nonpayment of any installment thereunder due or for any other breach of the terms thereof occurring prior to or during the period of such military service, except by action in a court of competent jurisdiction.
“(2) Any person who shall knowingly resume possession of property which is the subject of this section otherwise than as provided in subsection (1) of this section or in section 107 (section 517 of this Appendix), or attempts so to do, shall be guilty of a misdemeanor and shall be punished by imprisonment not to exceed one year or by fine not to exceed $1,000, or both.
"(3) Upon the hearing of such action the court may order the repayment of prior installments or deposits or any part thereof, as a condition of terminating the contract and resuming possession of the property, or may, in its discretion, on its own motion, and shall, on application to it by such person in military service or some person on his behalf, order a stay of proceedings as provided in this Act (Sections 501-548 and 560-590 of this Appendix) unless, in the opinion of the court, the ability of the defendant to comply with the terms of the contract is not materially affected by reason of such service; or it may make such other disposition of the case as may be equitable to conserve the interests of all parties.”
There appears to be no question but that the transaction entered into between appellant and the bank is one which comes within the protective provisions above cited.
Appellees contend that their possession is not wrongful and therefore does not amount to conversion because the appellant’s mother voluntarily returned the truck under an apparent authority to do so. Hence, any rights appellant might have under the act in question were waived. The law does not forbid a voluntary return of unpaid for property. Yet, the very issue raised by the pleadings and deposition before the trial court is whether the appellant’s mother was authorized by him to return the truck and whether, if she was so authorized, she did so willingly as contended by the bank or under coercion or as a result of oppressive tactics on the part of the appellees.
Summary judgments are appropriate only if the movant demonstrates that there is no justiciable issue of fact to be determined by the jury. Visingardi v. Tirone, 193 So.2d 601 (Fla.1967). Summary disposition will not be upheld if the evidence raises a doubt upon any issue of material fact or where the evidence will permit different reasonable inferences upon which a jury can find that the return was *203 coerced or the product of oppressive tactics on the part of appellees. Crovella v. Cochran, 102 So.2d 307 (Fla.App. 1958).
Conversion is defined as:
“An unauthorized act which deprives another of his property permanently or for an indefinite time; it is the disseisin of the owner or an interference with legal rights [which are] incident to ownership, such as the right to possession. [Its essential] element ... is a wrongful deprivation of the owner of his property.” 7 Fla.Jur., Conversion § 2, p. 267. Goodrich v. Malowney, 157 So.2d 829 (Fla.App.1963).
Application of the above discussed principles regarding summary judgments to the factual issues posed by the record as they relate to the substantive nature of conversion, particularly in view of the impact of the Soldiers’ and Sailors’ Civil Relief Act thereon, convinces us that appellees have failed to show that the entry of the summary judgment for the defendants was proper.
Accordingly, the summary judgment reviewed herein is reversed.
WIGGINTON and JOHNSON, JJ., concur.