BARKDULL, THOMAS E, Associate Judge.
By this action, we are called upon to review a final summary judgment in favor of the appellant (who was the plaintiff in the trial court) awarding him $82,428.36 *88 against Jacksonville Sharks, Inc., for alleged wrongful termination of an employment contract as a football coach for the Jacksonville Sharks, Inc., of the World Football League.
The plaintiff assigns error in the failure to enter a judgment against the appellee, Francis P. Monaco (defendant in the trial court), contending that the contract was originally with Monaco and, even though assigned to the corporation, Monaco remained secondarily liable for the compensation. The Jacksonville Sharks have cross-assigned error and urge that the trial judge erred in failing to find that the contract was one terminable at will by either of the parties.
The contract was prepared, in part, by an attorney for Monaco and also by Asher, who is a graduate of an accredited law school. The contract, in pertinent parts, reads as follows:

“2. TERM. Subject to the provisions of the Renewal Options on the part of either Party hereto, as hereinafter set-out, the term of the Contract shall begin on the date first set out above and shall terminate One (1) Year from said date.”

“6. OPTION TO RENEW. Either PARTY to this Contract shall have the option of renewing this contract under all the terms as provided for herein for an additional year commencing January 20, 1975, upon giving to the other party hereto thrity (30) days notice before the expiration hereof in writing of his or their intention to renew for the year commencing January 20, 1975. At the end of the first renewal year, either Party hereto shall have the right to or option to renew this contract under all the terms as provided for herein for a third year commencing January 20, 1976, upon giving to the other Party hereto thirty (30) days notice before the expiration of the first renewal year of this contract, the intention of these renewal options being to give Head Coach at least three (3) years, if he so desires, to fulfill the task of building a winning team for Employer, and to give to Employer the sole right to Head Coaches services of a professional football nature for a three year period if Employer so desires. * * * Head Coach shall be entitled to receive from Owner and Owner shall pay to Head Coach all unpaid salary that would have been paid to Head Coach for the entire three year period, and Head Coach shall be entitled to receive any other benefits heretofore or hereinafter set out just as if Head Coach had actually completed three full years as Head Coach for Owner, including the exercise of all options granted to Head Coach herein. In such event, Head Coach shall be entitled immediately to seek and accept any other employment of any anture whatsoever without diminishing his rights herein. It is expressly understood and agreed by the parties hereto that during the term of this contract and any renewals thereof, Head Coach shall be answerable directly to Francis P. Monaco only or his successor as Managing Owners.”

We hold, first, that the contract was for a set period of one year, with the option at the consent of both parties to continue the contract for an additional three years. The appellee, Monaco, has urged that there was a novation and, therefore, he was released from any liability on the original employment agreement. The record indicates that Asher was employed in January of 1974 by Monaco, pursuant to an oral agreement. Between January and May he received his compensation in the form of checks drawn on a corporate account registered in the name of the Florida Sharks, Inc. In May, the parties executed the contract, parts of which are quoted above, and back-dated it to January, 1974. On the same day they executed an assign *89 ment to the Jacksonville Sharks, Inc. It is this assignment which Monaco contends constituted a novation. It was executed by all the concerned parties and reads as follows :

ASSIGNMENT OF EMPLOYMENT CONTRACT

“For value received, Francis P. Monaco, by and with the consent and agreement of Baron H. (Bud) Asher, for themselves, their heirs, personal representatives and assigns, hereby transfers and assigns the above and foregoing Employment Contract to Jacksonville Sharks, Inc., a Florida Corporation, and said Corporation by a unanimous vote of the Board of Directors has authorized the said Corporation to accept said Employment Contract, and hereby conven-ants and agrees that Paragraph Nine (9) hereof, is a Contract by and among the undersigned made for the purpose of a Contract made for the benefit of a third party, to wit: Francis P. Monaco, his heirs, personal representatives and assigns, this _ day of _, A.D. 1974.”

We find that the terms of the assignment are ambiguous and the responsibilities of the respective parties under the employment agreement, after the assignment, are confused. Therefore, we find it was error for the trial judge to enter a summary judgment holding that there was a release of liability as to Monaco and this matter should be returned to the trial court for a trial on the issues to determine the intention of the parties at the time of the execution of the agreements. Rock-Weld Corporation of Puerto Rico v. Rock-Weld Equipment Corp. of Florida, Fla.App.1966, 184 So.2d 186; Commercial Trading Company, Inc. v. Zero Food Storage, Inc., Fla.App.1969, 199 So.2d 109; Westchester Fire Insurance Company v. In-Sink-Erator, Fla.App.1971, 252 So.2d 856; Morton v. Morton, Fla.App. 1975, 307 So.2d 835.
As previously noted, we construe the employment agreement to be for a fixed term of one year. Therefore, any ultimate liability thereby fixed upon either the corporation or Monaco or both should be limited to damages recoverable for breach of the employment contract during the first year.
Reversed and remanded, with directions.
RAWLS, Acting C. J., and MELVIN, WOODROW M., Associate Judge, concur.