339 So.2d 718 (1976)
Denise K. MORPURGO and Marion Williams, Appellants,
v.
GREYHOUND RENT-A-CAR, INC., a Corporation, Appellee.
No. AA-350.
District Court of Appeal of Florida, First District.
December 3, 1976.
*719 Andrew G. Pattillo, of Pattillo, MacKay & McKeever, Ocala, for appellants.
Eurich Z. Griffin, of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, for appellee.
BOYER, Chief Judge.
Appellants, plaintiffs in the trial court, appeal from a summary final judgment entered in favor of appellee. Essentially, the issue here considered is whether appellee, a rental car company, was required to give notice to appellants that it was a self-insurer and did not intend to provide uninsured motorist coverage.
Examination of the pleadings reveals that appellant Williams rented an automobile from appellee. The standard form contract which appellant Williams signed contained a provision under which appellee was to obtain and maintain insurance on the leased vehicle in the amount of $100,000/$300,000 for bodily injury/property damage. Unbeknownst to appellants at the time the contract was signed, appellee had qualified as a self-insurer under the Florida Financial Responsibility law, and had executed and filed with the Florida Insurance Commissioner a notice of rejection of uninsured motorist coverage. During the rental term, an accident occurred in which appellant Williams was driving the leased automobile and appellant Morpurgo was a passenger. The driver of the other automobile involved in the accident was an uninsured motorist. Appellants initially sought benefits under the presumed uninsured motorist coverage afforded by the insurance policy which appellant assumed appellee had obtained. Finding that there was no such insurance policy, appellants alleged that appellee breached its contract to provide liability insurance coverage for them and that, if such insurance had been provided, it would have necessarily included the statutorily required uninsured motorist coverage.
The trial court, in its summary final judgment, relied on Kohly v. Royal Indemnity Co., Fla.App.3rd 1966, 190 So.2d 819, cert. den. Sup.Ct.Fla. 1967, 200 So.2d 813. In that factually similar case, our sister court in determining whether rejection of uninsured vehicle coverage by the defendant deprived the plaintiff of such coverage, construed F.S. 627.0851(1) which required automobile liability insurance policies for the protection of persons insured thereunder, "... provided, however, that the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage; ..." The court noted, "... However, the law giveth and the law taketh away. The first clause of the Statute giveth but the proviso above quoted furnishes a method by which it may be taken away. In the case, sub judice, the `insured named in the policy' rejected the coverage. It therefore did not exist and the plaintiff, when operating the subject vehicle, did not have uninsured vehicle coverage. The problem is one for legislative action, not judicial fiat." Kohly v. Royal Indemnity Co., at 822.
We believe that the above-quoted language is equally applicable to the instant case. Appellants attempt to distinguish the Kohly case, but we find that said distinctions are not significant. Specifically, appellants point out that in the Kohly case, the rental agency provided the policy of liability insurance which the court construed, whereas in the case sub judice, there is no such liability insurance policy and the primary issue is not whether the insurer breached its insurance policy contract, but whether there was a substantial breach by appellee of its rental agreement and undertaking to provide liability insurance for appellants. However, resolution of that issue is unnecessary because, as noted in the Kohly case, even if appellee had procured a liability insurance policy covering the rental car, the waiver of uninsured motorist coverage would have been effective as to appellants. Moreover, paragraph 11 of the rental agreement clearly provided that appellee would maintain insurance on the rented vehicle in the amounts of $100,000/$300,000 for bodily injury/property damage. There was no specific agreement to provide any other insurance, but only to maintain insurance *720 in the stated amount on the rental vehicle, which requirement appellee met by virtue of its status as a self-insurer. Accordingly, the judgment appealed herein is affirmed.
AFFIRMED.
MILLS, J., concurs.
SMITH, J., concurring with opinion.
SMITH, Judge (concurring):
I agree with appellants that the Kohly decision does not necessarily control this case, for the question there was whether an insurance policy violated Florida statutory law by not giving an insured under the policy, such as the renter of the vehicle in question, an option for uninsured motorist coverage which was made available only to the named insured. The question here is whether Greyhound undertook in the rental contract between the parties to provide uninsured motorist insurance for the benefit of appellants. As the court here has stated, there was no specific agreement to provide such insurance, and the contract does not bear the implication on which appellants rely. I therefore concur in the court's judgment.