PER CURIAM.
Appellants, plaintiffs below, appeal a partial summary judgment entered in favor of appellee, defendant below, on appellants’ count for breach of contract. The other count, based upon fraud and deceit, remains pending in the trial court.
*1286 The facts of this case are both complex and lengthy, as evidenced by a record of over two thousand pages, of which approximately fifteen hundred pages are discovery depositions. In its simplest form, the facts reveal that in 1958, an antitrust suit was instituted by the United States of America against United Fruit Company, now, after merger, appellee. A consent decree was entered requiring appellee to divest itself of a portion of its banana-producing properties located in Central and South America, in order to eliminate the monopolistic trend it had over the banana market. Under the terms of said decree, there were certain conditions outlined that had to be complied with, and appellee was given a period of ten years to comply therewith.
Thereafter, negotiations were entered into between appellee and appellants for the sale of certain banana properties owned by appellee. The detailed negotiations for the multi-million dollar sale included offers, counter-offers and various conditions precedent. The final sale, however, never developed and suit was filed by appellants for both fraud and deceit and breach of contract. The trial judge, apparently of the opinion that a final contract between the parties never materialized, granted partial summary judgment for appellee on the breach of contract count. This appeal follows.
After carefully reviewing the record on appeal, we note the existence of genuine issues of material fact left unresolved by the proceedings below, precluding the entrance of summary judgment. National Car Rental System, Inc. v. Sonesta International Hotels Corp., 313 So.2d 108 (Fla. 3d DCA 1975); Bowling v. Stark, 268 So.2d 201 (Fla. 1st DCA 1972).
The paramount question requiring resolution is whether or not a contract existed between the parties — a question of intent. Another question remaining, closely associated with the above, is whether the various conditions precedent attached to the negotiations were to be fulfilled as a prerequisite to the existence of the contract, itself, or were only to be fulfilled as a prerequisite to the performance of the contract.
The above questions are only a few of the issues left unresolved and are by no means exhaustive of the matters put into controversy by the parties.
Accordingly, in that there remained genuine issues of material fact, the trial judge erred in granting partial summary judgment and the order appealed is therefore reversed and the cause remanded.
Reversed and remanded for further proceedings not inconsistent herewith.