MILLS, Acting Chief Judge.
American and Foreign Insurance Company (A&F), the automobile liability carrier of Robert Hulsey, appeals from a final judgment entered in favor of Avis Rent-A-Car System, Inc. (Avis).
A group of employees, while in the course of their employment with Blue Cross Blue Shield, rented a vehicle from Avis. An accident occurred while Hulsey, a permissive user of the rented vehicle, was driving. Mary Flesher, a passenger in the vehicle and co-employee of Hulsey, brought suit against Hulsey, A&F, and Avis for the injuries she sustained as a result of the accident. Final judgment was entered against Hulsey and A&F for $233,000 plus costs. A&F brought the present action against Avis seeking subrogation in accordance with the Avis rental agreement.
Avis’ rental agreement provided in part:
Lessor provides coverage for person using the vehicle with the permission of lessor (and not otherwise) in accordance with the standard provisions of an automobile liability insurance policy, a copy of which is available for inspection at the main office of lessor on request, against liability for bodily injury, including death (limits $100,000 each person, $300,000 each accident) and property damage ($25,000) arising out of use of the vehicle, which coverage includes mandatory No fault benefits as required by law. Lessor reserves the right, where permitted by law to provide said coverage under certif *1061 icate of self insurance in lieu of or in combination with an insurance policy.
Avis asserted as an affirmative defense that the policy mentioned under the above-quoted paragraph of the Rental Agreement, in accordance with the standard provisions of an automobile liability insurance policy, provided no coverage for Hulsey in that it contained the following exclusion:
Persons insured .
None of the following is an insured .
(i) any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person injured in the course of his employment; .
This exclusion was contained in a comprehensive general and automobile liability policy issued by Liberty Mutual Insurance Company to Avis. The trial court determined that the conditions applicable to the insurance coverage promised by the rental agreement where those set out in the Liberty Mutual Insurance policy issued to Avis. Relying on the “cross-employee” exclusion therein, the court found that Hulsey was not an insured under that policy. We reverse.
Avis may not rely upon the “cross-employee” exclusion contained in the Liberty Mutual policy to deny the coverage promised by the rental agreement. The rental agreement promised that Avis would provide liability coverage for permissive users “in accordance with the standard provisions of an automobile liability policy, a copy of which is available at the main office of lessor [Avis].” The agreement fails to identify or sufficiently describe the Liberty Mutual policy as the policy referred to by the agreement. In fact, the agreement even fails to identify the main office where “the” policy was located and available for inspection. Furthermore, Avis presented no evidence to establish that a “cross-employee” exclusion is among “the standard provisions of an automobile liability insurance policy.” Nor did Avis establish that the “cross-employee” exclusion contained in the Liberty Mutual policy is within “the standard provisions of an automobile liability insurance policy.” For these reasons, Avis failed to establish its affirmative defense that the rental agreement provided no coverage for Hulsey.
Accordingly, the final judgment entered in favor of Avis is reversed. The cause is remanded with instructions that final judgment be entered in favor of A & F.
SMITH, J., and MASON, ERNEST E., Associate Judge, concur.