369 So.2d 647 (1979)
Gladys MacKENZIE, Surviving Spouse of Locke MacKenzie and John K. MacKenzie and Colin E. MacKenzie, As Co-Executors of the Estate of Locke MacKenzie, Appellants,
v.
AVIS RENT-A-CAR SYSTEMS, INC., a Foreign Corporation, Appellee.
No. 78-998.
District Court of Appeal of Florida, Third District.
April 3, 1979.
Rehearing Denied May 2, 1979.
Sams, Anderson, Gerstein & Ward, Greene & Cooper and Marc Cooper, Miami, for appellants.
Robert L. Dube, Richard M. Gale, Miami, for appellee.
Before SCHWARTZ, J. and CHARLES CARROLL (Ret.) and EZELL, BOYCE F., Jr. (Ret.), Associate Judges.
SCHWARTZ, Judge.
The appellants, who were the plaintiffs below, are the widow and the co-executors of the estate of Dr. Locke MacKenzie. They appeal from a summary final judgment entered for the defendant-appellee, Avis Rent-A-Car System, Inc. in an action *648 arising out of the fact that the defendant did not provide Dr. MacKenzie, one of its car rental customers, with uninsured motorist protection. We reverse.
On June 13, 1973 Dr. MacKenzie rented a car from Avis pursuant to a written agreement which provided
"Lessor provides coverage for persons using the vehicle with the permission of Lessor and not otherwise in accordance with the standard provisions of an automobile liability insurance policy, a copy of which is available for inspection at the main office of Lessor on request against liability for bodily injury; including death limits $100,000 each person, $300,000 each accident and property damage (limit $25,000) arising out of the use of the vehicle. Lessor reserves the right, where permitted by law, to provide said coverage under a certificate of self-insurance in lieu of or in combination with an insurance policy ..." [e.s.]
Two days later, on June 15, 1973, while driving the rental vehicle, Dr. MacKenzie was involved in a very serious accident caused by the negligence of a motorist who carried no liability insurance. Accordingly, the doctor made an uninsured motorist claim with Avis. Avis denied the claim because, as was conclusively established below, it had qualified as a self-insurer and had validly rejected uninsured motorist protection for its rental vehicles.[1]
Dr. MacKenzie and his wife then sued Avis in the Dade County Circuit Court. The basic theory of the action was that by failing to provide UM protection Avis had breached its specific undertaking to cover its customer "in accordance with the standard provisions of an automobile liability insurance policy ..."[2] During the pendency of the case, Dr. MacKenzie died and the co-executors of his estate were substituted as party-plaintiffs. Immediately prior to trial, without any supporting affidavits, the defendant moved for and was granted summary judgment in its favor.
On this appeal, the plaintiffs present but a single issue.[3] Their brief argues that summary judgment was improperly entered because a genuine issue existed as to whether Avis' failure to provide UM coverage was in breach of its rental agreement. There is no question that, under the circumstances, Avis had no statutory obligation to provide Dr. MacKenzie with UM protection. E.g., Guardado v. Greyhound Rent-A-Car, Inc., 340 So.2d 510 (Fla.3d DCA 1977). The sole issue then is whether the defendant agreed to provide more than what was required by law by specifically contracting to furnish coverage in accordance with "the standard provisions of an automobile liability ... policy." The summary judgment entered in its favor on this issue may, in turn, be affirmed only if Avis sustained its burden of establishing conclusively that these "standard provisions" do not include UM coverage. Holl v. Talcott, 191 So.2d 40 (Fla. 1966). We hold that it did not and therefore reverse the judgment under review.
At the least, the contractual language in question is ambiguous as to the key issue of whether UM coverage is a standard provision of an automobile policy. Since this is true, and particularly because the defendant both itself drafted the contract, see American Agronomics Corporation v. Ross, 309 So.2d 582 (Fla.3d DCA 1975), cert. denied, 321 So.2d 558 (Fla. 1975), and introduced no extrinsic evidence of the parties' *649 intent[4] so as conclusively to resolve the ambiguity in its favor, the question was not properly determined by summary judgment, certainly not one entered for Avis. As this court held in Commercial Trading Co. v. Zero Food Storage, Inc., 199 So.2d 109, 112-113 (Fla.3d DCA 1967), cert. denied, 204 So.2d 332 (Fla. 1967):
"It is the settled law in this State that summary judgments should be granted only in those cases where there remains no genuine issue of any material fact that would properly fall to a jury. The intent of the parties can better be determined after a consideration of all the circumstances involved.
We hold that the letter lends itself to more than one reasonable interpretation, and it creates such ambiguity as would preclude the entry of a summary judgment. See Owens v. MacKenzie, Fla. App. 1958, 103 So.2d 677; King v. Sturge, Fla.App. 1959, 113 So.2d 257. When the wording of an agreement is ambiguous and the parties contend for different interpretations, the issue of the proper interpretation becomes one of fact precluding the grant of summary judgment. Rock-Weld Corp. of P.R. v. Rock-Weld Equip. Corp., Fla.App. 1966, 184 So.2d 186."
Accord, National Car Rental System, Inc. v. Sonesta International Hotels Corp., 313 So.2d 108, 110-11 (Fla.3d DCA 1975) ("it appears that there are issues of material fact which preclude entry of summary judgment, namely the interpretation to be given the contract ... and the intention of the parties ..."); Westchester Fire Ins. Co. v. In-Sink-Erator, 252 So.2d 856, 858 (Fla.4th DCA 1971) ("... where the terms of the instrument are ambiguous, casting doubt upon the intent of the parties, this intent must be determined by the trier of fact, and is not to be determined upon a motion for summary judgment").
It is all the more clear that this particular "ambiguity" was improperly resolved below. In perhaps prescient language, our supreme court has stated, in so many words, that
"... uninsured motorist coverage is intended by the statute to be uniform and standard motor vehicle accident liability insurance ..."
Mullis v. State Farm Mutual Auto. Ins. Co., 252 So.2d 229, 238 (Fla. 1971). See also Weathers v. Mission Ins. Co., 258 So.2d 277 (Fla.3d DCA 1972); Section 627.412, Florida Statutes (1975) ("Insurance contracts shall contain ... standard ... provisions as are required by ... code"); Section 627.727, Florida Statutes (1975) (UM coverage required by code).
In support of the judgment below, Avis cites Guardado v. Greyhound Rent-A-Car, Inc., supra, and Kohly v. Royal Indemnity Co., supra, which hold only that its rejection of UM coverage for itself and its lessees was validly effected and which are therefore entirely irrelevant to the question before us. But its primary reliance is upon Morpurgo v. Greyhound Rent-A-Car, Inc., 339 So.2d 718 (Fla.1st DCA 1976), in which the court rejected a claim, like the one asserted here, that a car rental company was contractually obliged to provide UM insurance. In Morpurgo, however, the plaintiff relied only upon an alleged implied obligation to that effect; there was no specific provision, as in this case, which, the trier of fact could find, required the furnishing of UM protection. As the concurring opinion, at 339 So.2d 720 points out:
"The question here is whether Greyhound undertook in the rental contract between the parties to provide uninsured motorist insurance for the benefit of appellants. As the court here has stated, there was no specific agreement to provide such insurance, and the contract does not bear the implication on which appellants rely."
Morpurgo is therefore not persuasive.
We think, however, that Riccio v. Allstate Ins. Co., 357 So.2d 420 (Fla.3d DCA 1978), *650 and American and Foreign Ins. Co. v. Avis Rent-A-Car System, Inc., 367 So.2d 1060 (Fla.1st DCA 1979) clearly support our present conclusion.[5] In Riccio, we held that a jury question was presented as to whether an insurance company's undertaking to give an insured "full coverage" included an obligation to provide $100,000/$300,000 UM limits notwithstanding that only $10,000/$20,000 coverage was statutorily required. At 357 So.2d 423, we held:
"... even assuming that, pursuant to Garcia, supra, coverage in the amount of $10,000/$20,000 uninsured motorist was `legal,' a factual question was nevertheless raised by virtue of appellant requesting `full coverage' from appellee and believing that `full coverage,' i.e. $100,000/$300,000 uninsured motorist, was afforded to him and his daughter. Such a factual question would not properly be disposed of by a directed verdict."
In the American Insurance case, the issue was the effect of the identical provision of Avis' form agreement with which we are concerned. The court's holding there requires reversal here:
"The rental agreement promised that Avis would provide liability coverage for permissive users `in accordance with the standard provisions of an automobile liability policy, a copy of which is available at the main office of lessor [Avis]. The agreement fails to identify or sufficiently describe the Liberty Mutual policy as the policy referred to by the agreement. In fact, the agreement even fails to identify the main office where `the' policy was located and available for inspection. Furthermore, Avis presented no evidence to establish that a `cross-employee' exclusion is among `the standard provisions of an automobile liability insurance policy.' Nor did Avis establish that the `co-employee' exclusion contained in the Liberty Mutual policy is within `the standard provisions of an automobile liability insurance policy.' For these reasons, Avis failed to establish its affirmative defense that the rental agreement provided no coverage for Hulsey." [e.s.]
For these reasons, the summary judgment for Avis is reversed, and the cause is remanded for further proceedings consistent with this opinion.
Reversed and remanded.
NOTES
[1] Guardado v. Greyhound Rent-A-Car, Inc., 340 So.2d 510 (Fla.3d DCA 1977); Kohly v. Royal Indemnity Co., 190 So.2d 819 (Fla.3d DCA 1966), cert. denied, 200 So.2d 813 (Fla. 1967).
[2] Among other things, the plaintiffs also contended that Avis had been guilty of fraud by failing to reveal that it had rejected UM coverage. Although the issue of the sufficiency of this count has not been preserved for review, it seems clear that this allegation cannot stand independently of the breach of contract claim which is before us. In other words, if a "standard automobile liability policy" includes UM, the defendant would have breached its agreement by not providing it, and consideration of the "fraud" claim would be unnecessary. If it does not, Avis would plainly have no obligation to reveal that it had rejected what it had no statutory or contractual duty to provide.
[3] Ibid.
[4] The only such evidence in the record below was that Dr. MacKenzie had elected to receive each item of optional coverage made available to an Avis customer. If anything, this created an inference as to his intent which was un favorable to the defendant.
[5] Neither case was available to the trial judge when he entered the judgment below.