PER CURIAM.
This is an appeal from a final summary judgment ordering the appellant Koger Properties, Inc., to pay certain real estate brokerage commissions to the appellee Lon Worth Crow Realty Company. We reverse and remand for further proceedings.
In our view, there is a genuine issue of material fact as to whether “the tenant terminate[d] the subject lease” as such terms are used in the brokerage agreement [thereby terminating the brokerage commissions due thereunder] when the appellant and the tenant herein together terminated the subject lease. Stated differently, we find that an ambiguity exists in the above quoted terms of the brokerage agreement for which the taking of testimony is necessary to determine whether such terms were intended by the parties to cover the lease termination accomplished in this case. If such was the intent of the parties, no brokerage commissions are due under the brokerage agreement; if such was not so intended, the opposite is true and the brokerage commissions sought herein are due under the brokerage agreement.
The final summary judgment appealed from is reversed and the cause remanded for further proceedings in accordance with the views expressed in this opinion. Westchester Fire Insurance Co. v. In-Sink-Erator, 252 So.2d 856 (Fla. 4th DCA 1971); Commercial Trading Co. v. Zero Food Storage, Inc., 199 So.2d 109 (Fla. 3d DCA 1967).
Reversed and remanded.