PER CURIAM.
This litigation, involving the creation of an easement, turns upon the interpretation of the term “abutting property owners.” Our research has failed to disclose any Florida cases which define “abut” when it is used in a deed or other instrument creating an easement. Moreover, there seems to be no unanimity of opinion in other jurisdictions on whether “abut,” when used in a deed creating an easement, includes property at the end of, in addition to the side of, a roadway, alley or street. See the cases collected in Words and Phrases, Vol. I, p. 364, et seq. We therefore conclude that the deed conveying the easement in the instant case is ambiguous and that the proof submitted by the parties is in conflict as to whom the easement should benefit. That being the case, we conclude it was error for the issue to be resolved by summary judgment. Westchester Fire Insurance Company v. In-Sink-Erator, 252 So.2d 856 (Fla. 4th DCA 1971); Commercial Trading Company v. Zero Food Storage, Inc., 199 So.2d 109 (Fla. 3d DCA 1967).
Accordingly, the cause is reversed and remanded for further proceedings consistent with this opinion.
ANSTEAD and HURLEY, JJ., concur.
RIVKIND, LEONARD, Associate Judge, dissents without opinion.