425 So.2d 656 (1983)
Frank DARNABY, As Personal Representative of the Estate of John W. Darnaby, Deceased, Appellant,
v.
GREENSTEIN TRUCKING COMPANY, a Florida Corporation, and Protective Insurance CO., a Foreign Insurance Corporation, Appellees.
No. 81-2194.
District Court of Appeal of Florida, Fourth District.
January 26, 1983.
*657 R. Thomas Farrar of Holland & Knight, Coral Gables, for appellant.
Robert F. Jordan of Conrad, Scherer & James, Fort Lauderdale, for appellee.
DELL, Judge.
Appellant seeks review of an order granting a final summary judgment in an action for damages for breach of contract arising out of a wrongful death.
The decedent, John W. Darnaby (Darnaby), died from personal injuries which he sustained while riding as a passenger in a truck which collided with an underinsured motorist in the State of Illinois. Darnaby owned the truck, but did not have an Interstate Commerce Commission (ICC) license to haul in interstate commerce. He leased the truck to appellee, Greenstein Trucking Company (Greenstein), which holds such a license, and operated the truck on behalf of Greenstein in exchange for a percentage of the profit. The lease agreement contained the following provision:
It is understood that the leased equipment during the term of this agreement, is in the exclusive possession, control and use of the lessee and that the lessee assumes full responsibility for its operation during term of said lease. (Emphasis added.)
Greenstein provided liability insurance for the tractor and for the trailer. He did not provide uninsured motorist coverage, since he had executed a written rejection of such coverage.
Appellant alleged that Greenstein assumed responsibility for providing uninsured motorist coverage on the decedent's vehicle, but he failed to offer any direct evidence that the parties intended that the lessee provide uninsured motorist coverage or that there was any other undertaking outside of the contract to provide such coverage. The trial judge found that the lease did not create an obligation or duty to provide uninsured motorist coverage and entered summary judgment in favor of appellee.
Appellant contends the trial court erred in granting summary judgment because the words "full responsibility" as used in the lease created an ambiguity as to the contractual intent of the parties.
The lease provided for the rental of the truck for use in interstate commerce. The Interstate Commerce Code provides:
(e) Subject to the provisions of subsection (f) of this section, the Commission is authorized to prescribe, with respect to the use by motor carriers (under leases, contracts or other arrangements) of motor vehicles not owned by them, in the furnishing of transportation of property 
... .
(2) Such other regulations as may be reasonably necessary in order to assure that while motor vehicles are being so used the motor carriers will have full direction and control of such vehicles and will be fully responsible for the operation thereof in accordance with applicable law and regulations, as if they were the owners of such vehicles, including the requirements prescribed by or under the provisions of this chapter with respect to safety of operation and equipment and inspection thereof, which requirements may include but shall not be limited to promulgation of regulations requiring liability and cargo insurance covering all such equipment.
49 U.S.C. § 304(e) (now amended by 49 U.S.C. § 11107) (emphasis added).
We are persuaded by appellees' argument that ICC regulations require the language contained in the lease. The Code of Federal Regulations provides:
Other than equipment exchanged between motor common carriers interchange service as defined in § 1057.5, authorized carriers may perform authorized transportation in or with equipment which they do not own only under the following conditions:
(a) Contract Requirements. The contract, lease or other arrangement for the use of such equipment:

*658 ... .
(4) Exclusive Possession and Responsibilities. Shall provide for the exclusive possession, control and use of the equipment, and for the complete assumption of responsibility in respect thereto, by the lessee for the duration of said contract, lease or other arrangement, except:
49 C.F.R. § 1057.4 (emphasis added). The Court in Transamerican Freight Lines, Inc. v. Brada Miller Freight Systems, Inc., 423 U.S. 28, 96 S.Ct. 229, 46 L.Ed.2d 169 (1975), stated that enforcement of safety requirements and the fixing of "financial responsibility for damage and injuries to shippers and members of the public were significant aims and guideposts in the development of the comprehensive rules." 423 U.S. at 37, 96 S.Ct. at 234. Appellant has failed to cite any applicable federal statute or regulation which requires uninsured motorist coverage. On the other hand, 49 U.S.C. § 315 (now amended by 49 U.S.C. § 10927) and 49 C.F.R. § 1043.1(a) require motor carriers to maintain minimum limits of liability insurance.
It is well established that uninsured motorist coverage may be rejected by the lessor of a rental vehicle and that such rejection binds the lessee even though he is unaware of it. Morpurgo v. Greyhound Rent-A-Car, Inc., 339 So.2d 718 (Fla. 1st DCA 1976); Kohly v. Royal Indemnity Company, 190 So.2d 819 (Fla. 3d DCA 1966), cert. denied, 200 So.2d 813 (Fla. 1967); Guardado v. Greyhound Rent-A-Car, Inc., 340 So.2d 510 (Fla. 3d DCA 1977). Appellant argues our decision should be controlled by Mackenzie v. Avis Rent-A-Car Systems, Inc., 369 So.2d 647 (Fla. 3d DCA 1979), cert. denied, 379 So.2d 202 (Fla. 1979) and Riccio v. Allstate Insurance Co., 357 So.2d 420 (Fla. 3d DCA 1978). In Mackenzie, supra, the lease expressly stated that the lessee would provide insurance coverage "in accordance with the standard provisions of an automobile liability insurance policy." The court found the lease contained an ambiguity regarding the question of whether uninsured motorist coverage is a standard provision in an automobile policy. In Riccio, supra, the insured had asked that he be furnished with coverage up "to the legal limits" and that he be provided with "full coverage." The court determined that a jury issue existed as to the meaning of full coverage.
Our review of the record satisfies us that appellee simply promised to provide "liability insurance" and that the phrase "full responsibility for its operation" complies with ICC requirements. The lease contains no language referring to insurance and appellant failed to show that appellee expanded or qualified his promise to provide liability insurance in any way which would lead appellant to believe that the lessee would furnish uninsured motorist coverage.
Therefore we find that the trial court properly determined that no genuine issue of material fact existed which would preclude granting summary judgment and properly entered same in favor of the appellee. Accordingly, the judgment is affirmed.
AFFIRMED.
ANSTEAD and HURLEY, JJ., concur.