PER CURIAM.
Plaintiff Chicago Title Insurance Company appeals from various rulings of the trial court in this suit against Title Consultants, Inc. and Marlie B. Smith. Title Consultants, as agent for Chicago Title, issued title insurance policies in Chicago Title’s name pursuant to an agency contract. Smith guaranteed the obligations of Title Consultants under that contract. Chicago Title' sued for damages arising out of alleged failures of Title Consultants to properly except from certain title insurance policies certain claims against the insureds under those policies. Although judgment was rendered in favor of Chicago Title on certain counts of its amended complaint, Chicago Title appeals from adverse rulings with respect to other counts.
As one of its contentions on appeal Chicago Title argues that the trial court erred in holding that Title Consultants was not liable on various counts involving breaches by Title Consultants of its agency contract because the claims by Chicago Title in that regard were not made until after Chicago Title had terminated that contract. We agree with this contention. The termination was authorized by the contract. The breaches occurred before the contract was terminated.
The exercise of a reserved power of termination will usually have prospective *1381 operation only; it will discharge both parties from their contractual duty to perform promises that are wholly exec-utory, but will not discharge the duty to make reparation for breaches that have already occurred.
6 A. Corbin, Contracts § 1266, pp. 66-67.
The termination of a contract in pursuance of a provision therein, even with proper notice, does not terminate the rights already accrued under it at the time of such termination.
11 Fla.Jur.2d, Contracts § 163. See Bernecker v. Bernecker, 60 So.2d 399, 405 (Fla.1952); Rock-Weld, Corp. of Puerto Rico v. Rock-Weld Equipment Corp. of Florida, 184 So.2d 186, 187 (Fla. 3d DCA 1966). See also 17A C.J.S., Contracts § 404; 17 Am.Jur.2d, Contracts § 518.
Another contention on appeal is that the trial court erred in not finding that Chicago Title could recover as damages its attorney’s fees in its defenses of claims indemnified against by Title Consultants. This contention would appear to be well taken when and if Chicago Title prevails on those contract counts. Jemco, Inc. v. United Parcel Service, Inc., 400 So.2d 499, 502 (Fla. 3d DCA 1981), review denied, 412 So.2d 466 (Fla.1982).
We find no merit in the remaining contentions of appellant concerning the trial court’s adverse rulings on other counts based upon a negligence theory. Those other counts do not allege the violation of a duty not created by the contract.
We therefore reverse and remand for a new trial on the contract counts. Inasmuch as Chicago Title was awarded judgment on other counts which apparently are related to the facts of certain contract counts, we add the proviso that Chicago may not be compensated twice for the same wrong.
Reversed and remanded for a new trial.
RYDER, C.J., and CAMPBELL and LE-HAN, JJ., concur.