558 So.2d 1067 (1990)
Michael LIPOF, Appellant,
v.
FLORIDA POWER & LIGHT COMPANY, Appellee.
No. 88-1484.
District Court of Appeal of Florida, Fourth District.
March 14, 1990.
On Motion for Certification April 25, 1990.
Michele K. Feinzig and Harry T. Hackney of Tripp, Scott, Conklin & Smith, Fort Lauderdale, for appellant.
Paul R. Regensdorf of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellee.
PER CURIAM.
Appellant was hired as a meter reader and bill deliverer by appellee in 1981. As part of the employment benefits package, appellee provided appellant with an employee vehicle agreement covering his personal vehicle while used in employment. In short, the employee vehicle agreement provided for:
(a) compliance with the Florida Financial Responsibility Law and the Florida Automobile Reparations Reform Act;
(b) excess indemnity protection with a combined bodily injury and property damage limit of $500,000 each occurrence for the benefit of the Employer and Employee;
(c) fire, theft, and comprehensive protection; and
(d) full collision or upset protection with a $50.00 deductible, which applied whether appellant's vehicle was being used for appellee's business or personal use.
The employee vehicle agreement further provided that uninsured motorist's (UM) coverage was rejected. No opportunity was given to appellant to select UM coverage nor was coverage offered.
In 1983, Appellant received serious injuries in an automobile accident with an underinsured vehicle. Appellant filed suit in 1986 against appellee seeking declaratory relief regarding the insurance coverage provided by the agreement. Appellant argued that he was entitled to uninsured motorist benefits under the agreement since appellee undertook to provide him with liability coverages without providing the option to knowingly accept or reject UM coverage in an amount equal to his liability coverage and that he was not notified on an annual basis what his options were with regards to UM coverage.
Appellee moved for summary judgment on the basis that it owed no duty to appellant pursuant to section 627.727, Florida Statutes (1983), because it was appellant's employer and not an insurer or insurance company as recognized by sections 627.733 and 324.031, Florida Statutes (1983), and *1068 because of its status as a self-insurer. The trial court entered summary judgment for appellee and this appeal followed. We affirm.
An individual self-insurer is not for most purposes an "insurer" under the Florida Insurance Code. Government Employees Insurance Co. v. Wilder, 546 So.2d 12 (Fla. 3d DCA 1989), review denied, 554 So.2d 1168 (Fla. 1989). Self-insurance is not considered a "policy" of insurance, therefore, the requirements in section 627.727, Florida Statutes (1983), are inapplicable to self-insurers. No case has been cited by the parties and our research does not reveal any which deal specifically with the factual scenario presented here. However, several earlier cases from other district courts of appeal hold that a car leasing company which is self-insured for purposes of complying with the Florida Financial Responsibility Law is not required to offer uninsured motorist coverage and can waive such coverage against a lessee. MacKenzie v. Avis Rent-A-Car Systems, Inc., 369 So.2d 647 (Fla. 3d DCA 1979); Guardado v. Greyhound Rent-A-Car, Inc., 340 So.2d 510 (Fla. 3d DCA 1977); Morpurgo v. Greyhound Rent-A-Car, Inc., 339 So.2d 718 (Fla. 1st DCA 1976).
Several other courts have dealt with employer self-insurers as it applies to uninsured motorist coverage under statutes similar to Florida's. In those cases, the courts conclude that self-insured employers are not required to provide uninsured motorist coverage on vehicles used by employees nor must they offer those employees coverage. See, e.g., Grange Mutual Casualty Co. v. Refiners Transport & Terminal Corp., 21 Ohio St.3d 47, 487 N.E.2d 310 (Ohio 1986); Hill v. Catholic Charities, 118 Ill. App.3d 488, 74 Ill.Dec. 153, 455 N.E.2d 183 (Ill. App.Ct. 1983); Mitchell v. Philadelphia Electric Co., 281 Pa.Super. 452, 422 A.2d 556 (1980); Mountain States Telephone & Telegraph Co. v. Aetna Casualty & Surety Co., 116 Ariz. 225, 568 P.2d 1123 (Ct.App. 1977). We agree.
While there are strong public policy considerations which may well favor mandatory uninsured protection for employees of self-insured employers, such a declaration must emanate from the Florida Legislature and not this court. Accordingly, we affirm the trial court's order granting summary judgment. Appellant's second point on appeal need not be addressed.
DOWNEY, STONE and POLEN, JJ., concur.

ON MOTION FOR REHEARING OR CERTIFICATION
ORDERED, upon consideration of Appellant's March 28, 1990 motion for rehearing or certification, the following Question is certified to the Supreme Court of Florida:
WHETHER AN EMPLOYER IS OBLIGATED TO PROVIDE AN EMPLOYEE WITH THE OPPORTUNITY TO ACCEPT OR REJECT UNINSURED MOTORIST INSURANCE, WHERE THE EMPLOYER PROVIDES THE EMPLOYEE, THROUGH HIS EMPLOYMENT CONTRACT, WITH INSURANCE IN COMPLIANCE WITH THE FLORIDA FINANCIAL RESPONSIBILITY LAW AND THE FLORIDA AUTOMOBILE REPARATIONS REFORM ACT AND WITH OTHER INDEMNITY AND INSURANCE COVERAGES ON THE EMPLOYEE'S PERSONAL VEHICLE WHICH IS USED BY THE EMPLOYEE IN THE EMPLOYER'S BUSINESS.